## PEOPLE *v.* DYE.

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—CONSTITUTIONAL LAW—
SENTENCE.

   The effective "assistance of counsel" guaranteed by the Constitution of the United States requires that counsel be present at the critical stage of sentencing one convicted of crime, as well as at arraignment and at acceptance of plea of guilty (US Const, Ams 6, 14).

2. SAME—SENTENCE—ASSISTANCE OF COUNSEL.

   The Constitution of the United States guarantees one accused of a crime the right to effective assistance of counsel at the sentencing stage of the proceeding because the opportunity is then afforded for presentation to the sentencing court of facts in extenuation of the offense, as in explanation of the defendant's conduct, to correct any errors or mistakes in reports of his past record, and to appeal to the equity of the court (US Const, Ams 6, 14).

3. SAME—SENTENCE—ASSISTANCE OF COUNSEL—DUE PROCESS.

   A State court has the obligation to provide assistance of counsel at the sentencing stage of criminal proceedings as a fundamental right in affording due process (US Const, Ams, 6, 14).

4. SAME—SENTENCE—ASSISTANCE OF COUNSEL—WAIVER.

   Imposition of sentence of 7-1/2 to 15 years upon defendant for breaking and entering a business place in the nighttime with the intent to commit larceny in 1960 constituted reversible error, where his attorney was not present at time sentence was imposed, court noted defendant had 5 felony convictions, defendant was not consulted regarding attorney's absence, record does not show defendant had an opportunity to present any mitigating circumstances, and defendant had not waived right to counsel (US Const, Ams 6, 14; CL 1948, § 750.110).

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 21 Am Jur 2d, Criminal Law §§ 312, 313, 318, 319, 322, 529.
   Absence of counsel for accused at time of sentence as requiring vacation thereof or other relief. 20 ALR2d 1240.
[6] 5 Am Jur 2d, Appeal and Error §§ 545, 723.

5. SAME—ASSISTANCE OF COUNSEL—SENTENCE.

> A criminal defendant who has pleaded guilty should have the assistance of counsel at the time of sentencing because many considerations influence the length of a sentence which is to be imposed, and a defendant should have the opportunity to have his attorney present any mitigating circumstances to the court for its consideration in determining the weight of the sentence, and to advise defendant as to the advisability of appeal.

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SENTENCE—REMAND —AMENDMENT OF STATUTE.

> Question as to whether defendant, sentenced in 1960 for 7–1/2 to 15 years for breaking and entering a business place in the nighttime with intent to commit larceny should be sentenced, upon remand for reimposition of sentence, under statute previously carrying a 15-year maximum penalty or under statute as now amended carrying a 10-year maximum, is not passed on where the question is not properly before the court (CL 1948, § 750.110, as amended by PA 1964, No 133).

Appeal from Recorder's Court of Detroit; Skillman (W. McKay), J. Submitted Division 1 November 10, 1966, at Lansing. (Docket No. 1,976.) Decided February 28, 1967.

William A. Dye was convicted on plea of guilty of breaking and entering a business place in the nighttime with intent to commit a larceny. Defendant appeals. Sentence vacated and cause remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*John H. Brennan,* for defendant.

T. G. KAVANAGH, J. Defendant, with counsel present, entered a plea of guilty to the charge of breaking and entering a business place in nighttime with the intent to commit larceny on January 30, 1960.* Defendant's counsel was not present when sentence was imposed and this appeal is based on the assertion that this constituted error.

It is claimed that the effective "assistance of counsel" which is guaranteed by the Sixth Amendment to the United States Constitution requires that counsel be present at the sentencing of one convicted of a crime. The Federal courts have almost unanimously adopted this view.

"The right to effective assistance of counsel at the sentencing stage of the proceeding is guaranteed by the Constitution. 'There is then a real need for counsel. * * * Then is the opportunity afforded for presentation to the court of facts in extenuation of the offense, or in explanation of the defendant's conduct; to correct any errors or mistakes in reports of the defendant's past record; and, in short, to appeal to the equity of the court.'" *Gadsden* v. *United States* (CA DC, 1955), 96 App DC 162, 165 (223 F2d 627, 630).

It is further claimed that the Fourteenth Amendment to the United States Constitution imposes the same requirement in State courts. We agree that this indeed is the import of the decision of the United States Supreme Court in *Gideon* v. *Wainwright* (1963), 372 US 335 (83 S Ct 792, 9 L ed 2d 799, 93 ALR2d 733).

In the case before us, the transcript of the proceeding at the time of sentence shows the following consideration of the absence of counsel by the sentencing court:

---

* Then, CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305), now CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305).

*"The Court.*   *   *   *   I called Mr. Nick Smith this morning at 9:30 and talked to Mr. Franklin and he said either Mr. Smith would be here by 11 o'clock or he would be here by 11 o'clock. As I stated before it is now 11:30. I note that you have five felony convictions."

The court made no further reference to defense counsel's absence nor was defendant consulted regarding such absence. The court then proceeded to discuss the defendant's criminal record with him. After such discussion the defendant was sentenced to 7-1/2 to 15 years in prison. A reading of the record shows the defendant had no opportunity to present any mitigating circumstances.

A recent Minnesota case, *State, ex rel. Searles,* v. *Tahash* (1965), 271 Minn 304, 309 (136 NW2d 70, 74), citing from *Batson* v. *United States* (CA10, 1943), 137 F2d 288, 289, stated:

"Many considerations influence the length of a sentence which is to be imposed, and a defendant should have the opportunity to have his attorney present any mitigating circumstances to the court for its consideration in determining the weight of the sentence."

In *Martin* v. *United States* (CA5, 1950), 182 F2d 225, 227, it was held that "the very nature of the proceeding at the time of the imposition of sentence makes the presence of defendant's counsel at that time necessary if the constitutional requirement is to be met." The court had reference to the need for counsel at that stage to determine the advisability of an appeal and to present explanatory or extenuating facts which might influence the sentence. No showing of actual prejudice was required. *Moore* v. *Michigan* (1957), 355 US 155 (78 S Ct 191, 2 L ed 2d 167), also made comment on the aid of counsel at sentencing to establish facts and make

arguments in mitigation of the sentence, adding that the right to counsel is not confined to representation at trial. To like effect is *Thomas* v. *Hunter* (CA10, 1946), 153 F2d 834. We conclude that sentencing is a critical stage of a criminal proceeding and, absent waiver, counsel's presence is required.

Both parties herein indicate in their briefs that if we determine that the trial court must resentence, we must also determine the statute under which the sentence is to be imposed since the original statute under which defendant was sentenced has been amended, reducing the maximum sentence from 15 years to 10 years. We do not consider this question to be properly before us and therefore we will not pass on it at this time.

The sentence of the trial court is vacated and the cause remanded for imposition of sentence with defendant's counsel present.

QUINN, P. J., and FITZGERALD, J., concurred.