PEOPLE *v.* CAMPBELL

CRIMINAL LAW — ASSISTANCE OF COUNSEL — CRITICAL STAGE — REP-
RIMAND OF PROSECUTOR.

   A reprimand of a prosecutor by a trial judge for an improper
   remark made at the bench is not a critical stage in a criminal
   prosecution inasmuch as no right or advantage belonging to
   an accused can be lost by it; therefore exclusion of defense
   counsel from the conference in chambers at which the rep-
   rimand was delivered did not deprive defendant of his right
   to assistance of counsel at a critical stage in the proceedings.

Appeal from Wayne, James N. Canham, J. Sub-
mitted Division 1 October 15, 1969, at Detroit.
(Docket No. 6,224.) Decided October 28, 1969.

Clinton C. Campbell was convicted by a jury of
attempted armed robbery. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Patricia J. Pernick,* Assistant
Prosecuting Attorney, for the people.

*Kratchman & Kratchman,* for defendant.

Before: LESINSKI, C. J., and J. H. GILLIS and
DANHOF, JJ.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 313, 314.
Accused's right to counsel under the Federal Constitution.   18 L
   Ed 2d 1420.

Per Curiam. Defendant was tried and convicted before a jury on a charge of attempted armed robbery.[1] Midway through the direct examination of a state witness, the assistant prosecutor asked to approach the bench. Then the assistant prosecutor made an inappropriate comment whereupon the court adjourned to chambers for the purpose of reprimanding him.

Defense counsel was not permitted to be present in chambers because the court did not want to reprimand an attorney in the presence of a fellow lawyer. However, unnoticed by the court, the officer in charge of the case entered the chambers. The court, in its written denial of a motion for new trial, stated that it thought nothing of the fact that the officer was present in chambers since the custom in this circuit was to have the officer in charge present with the prosecutor at all times.

The issue on appeal is whether defendant was deprived of counsel at a critical stage of the proceedings when defense counsel was excluded from the judge's chambers while the assistant prosecutor was being reprimanded.[2] Clearly, no rights or advantages belonging to the accused could have been or were lost by the absence of defense counsel from the conference in question, and, therefore, we hold that the conference was not a critical stage of the proceedings.

Review of the record has shown no error in the conduct of the trial. Therefore, the lower court is affirmed.

---

[1] CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287); CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797).

[2] See *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149); *Gilbert* v. *California* (1967), 388 US 263 (87 S Ct 1951, 18 L Ed 2d 1178); *People* v. *Dye* (1967), 6 Mich App 217.