PEOPLE v. BOZEMAN

1. CRIMINAL LAW — APPOINTED COUNSEL — CODEFENDANTS — JOINT REPRESENTATION.

Joint representation of codefendants by appointed counsel does not constitute a denial of an accused's right to effective assistance of counsel where his defense is not inconsistent with or adverse to the defenses of the other defendants.

2. CRIMINAL LAW — APPOINTED COUNSEL — CODEFENDANTS — JOINT REPRESENTATION.

Defendant, charged with breaking and entering, was not denied the right to effective counsel because he shared the services of appointed counsel with two codefendants where his defense, that he was an innocent bystander, did not conflict with the interests of the other defendants and no prejudice resulted from the joint representation (MCLA § 750.110).

3. CRIMINAL LAW—TRIAL TACTICS—ASSIGNED COUNSEL—APPROVAL.

A defendant is not entitled to conduct his own trial after he has accepted counsel, and it is not necessary for an accused to assent to the tactical decisions of assigned counsel.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 October 14, 1969, at Detroit. (Docket No. 5,127.) Decided November 26, 1969.

Calvin Bozeman was convicted of breaking and entering. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 319.
[3] 21 Am Jur 2d, Criminal Law § 310.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Parvin Lee, Jr.,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM. Calvin Bozeman, together with two codefendants, was tried by a jury and convicted of breaking and entering a business place. (MCLA § 750.110 [Stat Ann 1969 Cum Supp § 28.305]). On appeal it is contended that the assignment of one attorney to represent all three defendants denied Bozeman the right to effective representation of counsel.

At trial, Bozeman denied involvement in the offense and asserted that he was an innocent bystander. His defense was neither inconsistent with nor adverse to that of his codefendants. This Court's recent decision in *People* v. *Dockery* (1969), 20 Mich App 201, is dispositive. Unless it appears that the assignment of joint counsel resulted in some prejudice to defendant, we cannot sustain his claim of denial of effective representation. Since the interests of these defendants were not in conflict, no prejudice resulted from their joint representation. *People* v. *Dockery, supra,* and cases cited therein.

Defendant also assigns as error the failure of the record to reveal whether he assented to certain tactical decisions of his counsel. This contention is without merit. Defendant is not entitled to conduct his own trial if he accepts counsel. *People* v. *LaMarr* (1965), 1 Mich App 389.

Affirmed.