PEOPLE v. PERNA

1. Criminal Law—Constitutional Law—Assistance of Counsel—Joint Representation—Co-Defendants.

   Joint representation of codefendants by appointed counsel does not constitute a denial of a defendant's right to effective assistance of counsel where his defense is not inconsistent with or adverse to the defenses of the other defendants.

2. Criminal Law—Constitutional Law—Assistance of Counsel—Joint Representation—Co-Defendants—Prejudice.

   Joint representation of codefendants by appointed counsel is not prejudicial *per se* and a trial court is not required to make an affirmative on-the-record determination that a codefendant wishes to proceed with shared counsel.

Appeal from Oakland, Philip Pratt, J. Submitted Division 2 March 4, 1970, at Lansing. (Docket No. 7,776.) Decided April 29, 1970.

James Perna was convicted, on his plea of guilty, of rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Campbell, Lee, Kurzman & Leitman,* for defendant.

Reference for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law § 318 *et seq.*

Before: GILLIS, P. J., and DANHOF and O'HARA,* JJ.

DANHOF, J. The sole question raised on this appeal is,

"Whether the appointment of one attorney to represent two or more co-defendants without the trial court first making an independent affirmative determination that shared counsel will not prejudice the defendants is an abridgement of a defendant's right to the effective assistance of counsel guaranteed by the sixth amendment of the United States Constitution?"

According to the agreed statement of facts, defendant and three co-defendants were arrested and initially charged with rape and kidnapping. One attorney was appointed to represent all four co-defendants. However, before the preliminary examination and at the request of counsel, another attorney was appointed to represent two of the accused, leaving defendant and a man named Greenwood to be defended by an admittedly experienced able attorney. After the preliminary examination, all were bound over for trial on kidnapping and rape charges except Greenwood who was charged only with rape. Each of the four waived trial by jury, and after one day of trial each expressed a wish to change his plea. Defendant pleaded guilty to the rape charge, and Greenwood pleaded guilty to an added count of felonious assault, as did one of the other co-defendants. The remaining co-defendant pleaded guilty to kidnapping. Defendant was sentenced to a term of 20 to 40 years in prison. His

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

motion to withdraw plea, vacate sentence, and for a new trial was denied.

On appeal defendant argues that in sharing one attorney with a co-defendant he was denied the effective assistance of counsel. This Court rejected that position in *People* v. *Dockery* (1969), 20 Mich App 201, and *People* v. *Bozeman* (1969), 20 Mich App 266, unless the joint representation resulted in some prejudice to the defendant. Although not stated in the short opinion in *Bozeman*, the defendant argued in his brief that it was incumbent upon the trial court to determine that the defendant had made an informed decision, after appropriate advice, to proceed with joint counsel waiving his right to his own attorney. This Court found that no prejudice resulted from the joint representation of three defendants and affirmed the trial court. We so hold here.

On the authority of *Dockery* and *Bozeman, supra,* we hold that shared counsel is not prejudicial *per se,* and that a trial court is not required to make an affirmative on-the-record determination that a defendant wishes to proceed with shared counsel. On oral argument both the people and the defendant urged that such an on-the-record determination would be a desirable practice. However, we decline so to hold because the legal precedent here applicable is clear, *Dockery* and *Bozeman, supra.*

Affirmed.

All concurred.