## PEOPLE *v.* ZUNNO

### OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—COUNSEL—COURTS—JURISDICTION.

   Representation by counsel is a right of the defendant, but not necessary to the jurisdiction of the court; and the mere fact that a defendant was not represented by counsel does not invalidate a plea-based conviction.

2. CRIMINAL LAW—PLEA OF GUILTY—COUNSEL—WAIVER.

   A plea of guilty is an affirmative waiver of the pre-conviction rights of an accused and a sentence imposed when the defendant was not represented by counsel is not a basis for overturning the conviction where the record shows that the defendant knew he was entitled to counsel and deliberately chose not to have counsel and intended by his plea of guilty to dispense with the need for legal representation.

3. EMBEZZLEMENT—NATURE OF ACCUSATION—INFORMATION.

   Defendant understood the nature of a statutory crime very well where an information charging larceny by embezzlement was read to him; the court asked defendant what happened and he replied that he was working for a man, that he had the money in his possession, and that he took it, and went to another state with it (MCLA § 750.362).

4. CRIMINAL LAW—PLEA OF GUILTY—JURY—WAIVER.

   Defendant waived his right to a trial by jury where he voluntarily pled guilty.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 9]  21 Am Jur 2d, Criminal Law §§ 486, 488.
[2, 9]  21 Am Jur 2d, Criminal Law § 317.
[3]  21 Am Jur 2d, Criminal Law §§ 486–491, 505.
    26 Am Jur 2d, Embezzlement § 41.
[4, 5]  21 Am Jur 2d, Criminal Law § 495.
[6]  26 Am Jur 2d, Embezzlement §§ 19–21.
[7]  39 Am Jur, Pardon, Reprieve, and Amnesty § 56.
[8]  21 Am Jur 2d, Criminal Law §§ 325–327.
[10]  21 Am Jur 2d, Criminal Law §§ 325–327.
[11]  47 Am Jur 2d, Jury §§ 47–52.
[12]  47 Am Jur 2d, Jury §§ 72–80.

5. EMBEZZLEMENT—INFORMATION—PLEA OF GUILTY—WAIVER—NA-
TURE OF ACCUSATION.

A plea of guilty is a waiver of *pro forma* defects in the in-
formation; therefore, a plea of guilty should not be set aside
where the information did not duplicate the statutory language
but the elements of larceny by embezzlement were set forth.

6. EMBEZZLEMENT—CRIMINAL INTENT—ADMISSIONS—SURRENDER TO
POLICE.

The existence of the requisite criminal intent on a charge of
larceny by embezzlement is not dependent upon a statement
by the defendant as to the precise state of his mind at the
time of the taking and, where defendant had been employed
at a gasoline filling station, stated on the record that he
took the money and went to another state with it, this admis-
sion alone would fairly establish the intent to steal; and
defendant's action in giving himself up to police officers in
this state two weeks later and the admission pointed toward
a conscious intent to steal (MCLA § 750.362).

DISSENTING OPINION

T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ.

7. CRIMINAL LAW—PAROLE—MOOT CASE—CONTINUING LEGAL DIS-
ABILITIES.

*Parole of defendant did not render an appeal of his conviction
moot because of the collateral continuing legal disabilities
to which defendant became subject by virtue of the conviction
and the issues raised on appeal are deserving of consideration.*

8. CRIMINAL LAW—COUNSEL—JURY TRIAL—NATURE OF ACCUSATION
—WAIVER.

*An accused did not voluntarily relinquish his known rights to
counsel, trial by jury and to be advised of the nature of the
accusation where the trial court did not advise him of his
right to counsel; did not apprise him of his right to a trial
by jury; and, although the information was read to him, the
court did not advise him of the nature of the accusation as
there is nothing in the record which will support such a
conclusion.*

9. CRIMINAL LAW—COUNSEL—WAIVER.

*Waiver of counsel cannot be regarded to have been made where
the trial court inquires whether defendant has counsel and
the defendant responds that he is pleading guilty.*

10. CONSTITUTIONAL LAW—CRIMINAL LAW—NATURE OF ACCUSATION —INFORMATION.

> *Constitutional right of an accused to be informed of the nature of the accusation is not accorded him in most cases by a mere reading of the information and this is especially true where there was repeated confusion of the court and prosecutor as to whether the charge brought against the defendant was larceny or embezzlement (Const 1963, art 1, § 20).*

11. CRIMINAL LAW — JURY TRIAL — CONSTITUTIONAL LAW — COURT RULES.

> *The incidents of a trial by jury as spelled out in the Constitution are all contemplated in the rules injunction to the court to advise the accused that he is entitled to a trial by jury; therefore, the failure of the trial court to mention the word "jury" when it advised the defendant that he knew he was entitled to trial in the matter was a deficiency of its compliance with the court rule (Const 1963, art 1, § 20; GCR 1963, 785.3 [1]).*

12. CRIMINAL LAW—JURY TRIAL—WAIVER OF RIGHTS—KNOWLEDGE OF RIGHTS—COURT RULES.

> *Unless it is fairly inferred that the accused knows he has a right he cannot be deemed to have waived it and the court rule requiring the court to give the information, that an accused is entitled to a trial by jury, precludes the assumption that the accused knew of the right without the information (GCR 1963, 785.3[1]).*

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and J. H. Gillis and Quinn, JJ., denying application for delayed appeal from Macomb, George R. Deneweth. Submitted March 10, 1970. (Calendar No. 21, Docket No. 52,199.) Decided October 8, 1970.

Louis Zunno was convicted of embezzlement of money over the value of $100. Defendant's application for leave to take delayed appeal denied by the Court of Appeals. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*William A. Gentz,* for defendant on appeal.

T. E. BRENNAN, C. J.   The following portions of the colloquy on arraignment between the court and the defendant are omitted in my Brother's opinion:

*"The Court:*   Are you pleading guilty of your own free will and volition?
*"Respondent:*   Yes, sir."

\*          \*          \*

*"The Court:*   You gave yourself up?
*"Respondent:*   Yes, sir.
*"The Court:*   How old are you?
*"Respondent:*   Twenty-four.
*"The Court:*   Ever been in trouble before?
*"Respondent:*   Yes, sir.
*"The Court:*   What kind of trouble?
*"Respondent:*   New York.  I like to stand mute to all prior convictions.
. . *"The Court:*   Well, you are not being tried for the other convictions.  The only thing I am talking about is this particular case and what kind of a record you have.  This is taken into consideration.
*"Respondent:*   It's not a bad record.  The prosecuting attorney has it from New York."\*

_____

\* The appendix filed here discloses the bench notes of the trial judge made at the time of sentencing:
"On March 6, 1964 the offender entered a plea of guilty to the charge of Embezzlement of over $100, violation of [MCLA § 750.362] MSA 28.594.  He is a 25-year-old white male who appears to possess average intelligence.  He was born and raised in Queens, New York and quit school in the 10th grade.  His only interest appears to be athletics.  He has been previously sentenced in the State of New York on a charge of Grand Larceny, the sentence being one day to five years in Sing-Sing Prison.  He served thirty months and was paroled and a few months later was cited for violation of parole

The prior criminal experience of an accused is not irrelevant at the plea-taking stage. Cases like *People* v. *Winegar* (1968), 380 Mich 719, are to be distinguished from cases like *People* v. *Whitsitt* (1960), 359 Mich 656, on the very ground that the former cases lack the appeal to equity to be found in the latter.

If appellate courts nit-pick the guilty pleas of the immature and inexperienced, because of their unfamiliarity with legal processes, upon what basis do they nit-pick the guilty pleas of seasoned offenders?

If despite mootness and lateness and lack of any appeal to the heartstrings, we must examine every guilty plea transcript offered to us, line by humdrum line, and reiterate *ad nauseam* the principles of law which govern the jurisdictional and constitutional validity of convictions based upon pleas of guilty, then so be it.

On May 2, 1968, defendant Louis Zunno alias Louis DeAngelo filed in Macomb circuit court a delayed motion for new trial, asking the court to set aside his March 6, 1964, conviction upon plea of guilty to the crime of larceny by embezzlement or conversion.

The grounds for that motion, and the answer to each are as follows:

---

and served an additional ten months, making the total of over four years served on a charge on which he could have been released in less than a year. He was released on probation on January 21, 1963 and has not reported to his parole officer since February 20, 1963. He appears to have an entire negative attitude toward all law enforcement officers and custody officials. In view of his violation of probation in New York and his overall attitude the court is of the opinion that a prison sentence is the only alternative. The court therefore imposed a sentence of one and one-half to five years in the State Prison for Southern Michigan with no recommendation.
"/s/ George R. Deneweth,

George R. Deneweth, Macomb County
Circuit Judge."
Dated: March 30, 1964

1. That at the time the plea of guilty was made by the defendant on March 6, 1964, he was not represented by counsel.

*Answer:* Representation by counsel in a criminal case is a right of the defendant, but not necessary to the jurisdiction of the court. The mere fact that defendant was not represented by counsel does not invalidate a plea-based conviction.

2. That at the time of said plea of guilty, he did not waive counsel, and was sentenced without the benefit of counsel.

*Answer:* A plea of guilty is an affirmative waiver of the pre-conviction rights of the accused. *People v. Taylor* (1970), 383 Mich 338; *People v. Ferguson* (1970), 383 Mich 645; *Boykin v. Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274). The record here shows that defendant knew he was entitled to counsel, and deliberately chose not to have counsel; that he was pleading guilty and intended thereby to dispense with the need for legal representation. His sentence without representation is not a basis for overturning the conviction.

3. That the defendant did not understand the nature of the statutory crime to which he gave his plea.

*Answer:* The information was read to the defendant. It alleged that the defendant "having been delivered of money in an amount in excess of $100.00 to wit: approximately $342.00 the property of one Ray Galli, he, the said Louis Zunno, also known as Louis DeAngelo, did then and there fraudulently embezzle said money, and did thereby commit the crime of larceny." The judge asked the defendant what happened here. The defendant replied that he was working for the man, that he had the money in his possession, that he took it and that he went to

New York with it.  He understood the nature of the statutory crime very well.

4. That the defendant did not waive trial by jury.

*Answer:*  A voluntary plea of guilty waives trial by jury.  Defendant voluntarily pled guilty and thereby waived his right to a trial by jury.

5. That the information to which defendant pled guilty was faulty, in that it did not set forth properly the statutory offense of which the defendant was allegedly pleading guilty to and for which he was sentenced, to wit:  MCLA § 750.362 (Stat Ann 1954 Rev § 28.594).

*Answer:*  The information did not duplicate the statutory language, but the elements of larceny by embezzlement were set forth.  A plea of guilty is a waiver of *pro forma* defects in the information.

6. That the plea of guilty was improperly received by the court, in that the defendant's recitation of the facts of the alleged crime failed to show that all of the necessary elements of the crime charged were committed by the defendant, in that he never made any statements in reference to his fraudulent intent or the intent to defraud or steal, and that the recitation of the alleged crime as made by the defendant did not constitute either larceny by conversion or embezzlement under either MCLA § 750.362 (Stat Ann 1954 Rev § 28.594) or embezzlement under MCLA § 750.174 (Stat Ann 1962 Rev § 28.371), with which he was not charged.

*Answer:*  The existence of the requisite criminal intent is not dependent upon a statement by the defendant as to the precise state of his mind at the time of the taking.  Defendant stated upon the record that he took the money and went to New York with it.  Against the background of his employment at a filling station, this admission alone would fairly establish the intent to steal.  Even so,

the admission did not stand alone; defendant further stated that after two weeks he gave himself up to the Roseville police station.

Certainly this action and admission pointed toward a conscious intent to steal. And if these indicia were not enough, the trial judge very carefully examined into any possible exculpatory circumstances arising from the defendant's statement that "something happened in New York." The trial judge generously characterized this vague reference as "an emergency", and followed by asking whether defendant had suffered "death or sickness" in his family. Still defendant did not deny or minimize the obvious import of his prior admission.

Defendant's motion for new trial lacked merit. The judgment of conviction should be affirmed.

DETHMERS, KELLY, and BLACK, JJ., concurred with T. E. BRENNAN, C. J.

T. G. KAVANAGH, J. (*dissenting*). On May 20, 1964 defendant was convicted on his plea of guilty to "embezzlement of money over the value of $100.00, a violation of [MCLA § 750.362] MSA 28.594", sentenced to 1-1/2 to 5 years, served 13 months and was released on parole on April 30, 1965.

A 1967 conviction on plea of guilty to "uttering and publishing a forged instrument" resulted in another prison sentence, and appellate counsel was appointed to assist him in post conviction proceedings in connection with the latter conviction. Defendant petitioned for leave to appeal the prior conviction of "embezzlement".

The Court of Appeals denied leave on the basis that the "embezzlement" cause was moot.

We granted leave because the collateral continuing legal disabilities to which the defendant became sub-

ject by virtue of that conviction precludes disposition of the matter as moot (see *People* v. *Mallory* [1967], 378 Mich 538 and *People* v. *Copeland* [1967], 378 Mich 611) and the issues raised on appeal are deserving of consideration.

Pertinent portions of the transcript of the proceedings at which the plea was accepted are:

"This defendant was bound over to this honorable court on February 26, 1964, to stand trial on the charge of Embezzlement of Money Over One Hundred dollars, a violation of [MCLA § 750.362] MSA 28.594.

"Bond was set in the amount of One Thousand dollars ($1,000.00) and was not furnished, and defendant was remanded to the custody of the Macomb County Sheriff.

"He appears before the court today in pro per for purposes of arraignment on the People's Information, a copy of which I have handed to the defendant in open court.   And in this Information, the People charge that he:

"(*Whereupon information read aloud by Mr. Briggs.*)

"*The Court:* No counsel?

"*Respondent:* I am pleading guilty, your Honor.

"*The Court:* You are going to plead guilty?

"*Respondent:* Yes, sir.

.    .    .

"*The Court:* You know you are entitled to trial in this matter?

"*Respondent:* I understand that, but I am guilty. That's why I gave myself up.

.    .    .

"*The Court:* You don't have to tell me.   You want to tell me what happened in this particular case?

"*Respondent:* Not in court.

"*The Court:* What?

"*Respondent:* I wouldn't want to say it in court.

"*The Court:* If you are not going to tell me what the circumstances were, I am not going to accept your plea.

"*Respondent:* It was Grand Larceny.

"*The Court:* No, this isn't Grand Larceny. This is embezzlement. I want to know what happened here.

"*Respondent:* Oh, here!

"*The Court:* Yes.

"*Respondent:* I was working for the man and something happened in New York. So, I had the money in my possession and I took it and went to New York with it and I came back two weeks later and gave myself up to the Roseville Police Station.

"*The Court:* You were working for Kelly (*phonetic*)?

"*Respondent:* Yes, sir.

"*The Court:* What kind of work were you doing?

"*Respondent:* Pumping gas.

"*The Court:* You had money in your possession from the station?

"*Respondent:* Yes, sir.

"*The Court:* And you went to New York?

"*Respondent:* Yes, sir.

"*The Court:* You said an emergency came up. What happened?

"*Respondent:* Something happened to my family.

"*The Court:* I see. You mean a death or sickness?

"*Respondent:* It wasn't that. It was just trouble.

"*Mr. Briggs:* It's charged under the Four Year Statute.

"*The Court:* Four Year Statute?

"*Mr. Briggs:* Yes, sir.

"*The Court:* No, it is not.

"*Mr. Briggs:* 28 . . . .

"*The Court:* (Interpose) 594 is a Five Year Statute.

"*Mr. Briggs:* Excuse me.

"*The Court:* According to my chart.

"*Mr. Briggs:* That's correct.

"*The Court:* You understand that the possible penalty in this case is five years in the State Prison?

"*Respondent:* Yes, sir.

"*The Court:* You know that. And despite that fact, you are pleading guilty?

"*Respondent:* Yes, sir.

"*The Court:* You also understand you are entitled to trial if you want it?

"*Respondent:* Yes, sir.

"*The Court:* All right. No one has made any promises or threats which have in any way induced you to do this?

"*Respondent:* Yes, sir.

"*The Court:* You are doing this because you are guilty and you admit it?

"*Respondent:* Yes, sir.

"*The Court:* Okay, I will accept your plea. Are you married?

"*Respondent:* No.

"*The Court:* How long have you lived in this area?

"*Respondent:* I came here June of '63.

"*The Court:* June of '63?

"*Respondent:* Yes, sir.

"*The Court:* I see. All right, I will set sentence in this matter for, this is the 6th of March. Let's make it the 20th of March at nine a.m. The Probation Officer will be out to see you.

"*Respondent:* Yes, sir."

The transcript of the sentencing, herewith reproduced in full, provides as follows:

"*Mr. Briggs:* May the court please, this is the case of the *People* v. *Louis Zunno,* also known as Louis DeAngelo, Criminal File 64–138.

"This defendant was convicted in this honorable court on March 6, 1964 by his plea of guilty to the charge of embezzlement of money over $100, in violation of [MCLA § 750.362] MSA 28.594.

"Bond was set in the amount of $1,000 which was not furnished and the defendant was remanded to custody. He appears before the court today in *pro per* for the purposes of receiving sentence. Also present is Mr. Robert Lucas, Probation Department, who has investigated this matter and submitted a report to the court. The People now move that sentence be imposed.

*"The Court:* Is there anything you want to say?

*"The Defendant:* No, sir.

*"The Court:* Well, I have gone over this report of your record and I think that for a young man in trouble you have what is a very poor attitude. I don't know what you think it will get you. Your general attitude is of disrespect for the law and authority, and I have a report, but I also remember this was borne out by your conduct when you left here the morning you were arraigned and entered your plea.

"I don't know how you get away with this stuff in New York, but you will not get away with it here. I don't go for it at all. Therefore, I think I have only one alternative in this case, based on your record and general attitude. I don't think you are a fit subject for probation, and I think I have only one alternative, and that is to impose a sentence in the State Prison, in Jackson State Prison.

"Therefore, it shall be the sentence of this court that you be sentenced for a period of not less than one year and a half and not more than ten years.

*"Mr. Briggs:* Is this a five or ten—this is embezzlement of money, not set as a larceny.

*"The Court:* If it is five, it is five—28.594—I am sorry, it is five. I thought it was the other way. It is five years. One and a half to five. You just saved yourself five years.

"All right, that is it.

*"Mr. Briggs:* Thank you, your Honor."

GCR 1963, 785.3 (1) & (2) provide in part:

(1) "If the accused is not represented by counsel upon arraignment, before he is required to plead, the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him. *  *  *

(2) "Imposing Sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea  *  *  *  ."

From the foregoing it is apparent that the court did not advise the accused of his right to counsel; he did not apprise him of his right to trial by jury; he did not advise him of the nature of the accusation.

There is nothing in the record which will support a conclusion that the accused voluntarily relinquished his known rights in these matters.

The response "I am pleading guilty, Your Honor" to the courts inquiry: "No counsel?" can not be regarded as a waiver of counsel. *In re Palmer* (1963), 371 Mich 656 and *People* v. *Whitsitt* (1960), 359 Mich 656.

In most cases, a mere reading of the information will not discharge the judge's duty under the court rule to implement the accused's right under art 1, § 20 of the Michigan Constitution of 1963 "to be informed of the nature of the accusation." Here the repeated confusion of the court and prosecutor as to whether this was larceny or embezzlement is aparent. Under this circumstance it would seem unreasonable to charge the accused with having been informed of the nature of the accusation from such reading.

The failure of the court to mention the word "jury" when he advised the defendant: "You know

you are entitled to trial in this matter" simply highlights the deficiency of his compliance with the court rule. The incidents of a trial by jury—especially those spelled out in art 1, § 20 of the Michigan Constitution—which are equally applicable to a bench trial—are all contemplated in the rules injunction to the court to advise the accused that he is entitled to a trial by jury.

Unless it is fairly inferred that the accused knows he has a right he cannot be deemed to have waived it. The court rule requiring the court to give the information precludes the assumption that the accused knew of the right without the information.

For the foregoing reasons the conviction must be set aside and the matter remanded for trial.

T. M. Kavanagh and Adams, JJ., concurred with T. G. Kavanagh, JJ.