## PEOPLE v JOINES

1. CRIMINAL LAW—CONSTITUTIONAL LAW—ASSISTANCE OF COUNSEL—APPOINTED COUNSEL—WAIVER.

   A defendant who insists upon conducting his own trial may be deemed to have effectively waived his constitutional right to appointed counsel (US Const, Am VI; Const 1963, art 1, § 20).

2. CRIMINAL LAW—CONTINUANCE—DELAYING TACTIC—DISCRETION.

   The trial court did not err in denying defendant's request for a continuance to pursue the possibility of retaining counsel where the defendant had had a series of appointed attorneys, none of whom were able to work with the defendant because of his insistence upon controlling his own case, since it is not an abuse of discretion to deny a continuance where the record supports the conclusion that defendant was employing a delaying tactic.

3. CRIMINAL LAW—INDIGENTS—FREE TRANSCRIPT—DIFFERENT CRIME.

   An indigent defendant is not entitled to transcripts of proceedings which are not necessary to the effective preparation of a defense on the crime charged, and an indigent defendant on trial for assault was not entitled to a free transcript of earlier proceedings which took place in a different county on a kidnapping charge which involved different acts.

4. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—DIFFERENT OFFENSES.

   Separate trials for different offenses, committed at different times, do not violate the double jeopardy clause of either the Michigan or United States Constitution (US Const, Am V; Const 1963, art 1, § 15).

5. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—DIFFERENT OFFENSES.

   Trial of a defendant on an assault charge was not barred by the

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 21 Am Jur 2d, Criminal Law §§ 136, 317.

[2] 21 Am Jur 2d, Criminal Law § 312.

[3] 21 Am Jur 2d, Criminal Law § 233.

[4, 5] 21 Am Jur 2d, Criminal Law § 183 *et seq.*

double jeopardy clauses of the State and Federal Constitutions by an earlier trial on a kidnapping charge because the crimes of kidnapping and assault with intent to commit rape are not the same offense, nor is one a lesser included crime of the other, where the offenses took place hours apart and in different venues.

6. CRIMINAL LAW—SENTENCE—RIGHT TO COUNSEL—WAIVER.

A defendant's sentence was invalid where the defendant was not represented by counsel at the time of sentencing and there was no valid waiver of his right to counsel at sentencing; earlier conduct which had constituted waiver of the defendant's right to counsel at trial did not operate as a waiver of his right to counsel in all future proceedings.

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 December 14, 1972, at Lansing. (Docket No. 13232.) Decided April 24, 1973.

Robert L. Joines was convicted of assault with intent to commit rape. Defendant appeals. Affirmed and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas Kizer, Jr.,* Prosecuting Attorney, and *Albert J. Gladner,* Assistant Prosecuting Attorney, for the people.

*Michael C. Moran,* Assistant State Appellate Defender, for defendant.

Before: FITZGERALD, P. J., and McGREGOR and TARGONSKI,* JJ.

McGREGOR, J. On October 2, 1971, defendant was convicted by a jury of assault with intent to rape, MCLA 750.85; MSA 28.280, and was subsequently sentenced to a term of 9-1/2 to 10 years in prison with the recommendation that he not re-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ceive any time off for good behavior and that he not be considered for parole until such time as he had served the maximum sentence. The assault was alleged to have occurred on August 2, 1970; the defendant had been previously acquitted by a jury in another county on a charge of kidnapping the same victim on the same date. Defendant represented himself at that trial, as he did at the trial of the instant case.

A careful review of the record reveals that the evidence of guilt against the defendant was substantial.

The first question to be resolved on appeal is whether, by his conduct, defendant waived his right to appointed counsel.

At a hearing held on September 15 and 17, 1971, some two weeks before the scheduled trial, on October 1 and 2, 1971, the defendant insisted on his right to the assistance of counsel, but also insisted on retaining control of the trial himself. At this hearing, the court stated that three successive appointed attorneys had withdrawn because they could not ethically represent this defendant, due to his insistence on controlling the proceedings; an application was before the court for the withdrawal of the fourth attorney appointed for the defendant, for the same reason. At the conclusion of this hearing, the fourth attorney was allowed to withdraw.

The trial court determined that he was not legally entitled to counsel if he insisted on conducting the trial himself. Specifically, the court said:

"I told you I would give you assistance of assigned counsel if you would sit back and be quiet and let the assigned counsel conduct the proceedings up to but not including the trial and you agreed, but then went right

out and acted otherwise. And now you say that you want the assistance of counsel on a stand-by basis during the trial, the main trial itself. While you conduct and controlled your defense in that trial and I am not going to put an attorney in that position. I can't find one that will voluntarily—I don't have to do that. You are not entitled to as long as you insist on conducting and controlling the conduct of the trial. Maybe, you are not entitled to counsel."

Both Federal and state constitutions guarantee an accused in a criminal prosecution the "assistance of counsel for his defense". US Const, Am VI; Const 1963, art 1, § 20. This Court has held that the defendant does not have the right to conduct his own trial if he accepts appointed counsel. *People v LaMarr,* 1 Mich App 389 (1965); *People v Morris,* 12 Mich App 411 (1968); *People v Bozeman,* 20 Mich App 266 (1969). Conversely, if defendant insists upon conducting his own trial, he may be deemed to have effectively waived his right to appointed counsel by his conduct.

Defendant further claims that, two days before trial, on September 29, 1971, the trial court committed error by denying a request for a continuance. This was twelve days after the trial judge had told the defendant he could not have appointed counsel at his trial if he insisted on conducting the trial himself. At the hearing, defendant said he had written his parents in Florida and expected an answer in a day or two; he thought he would be able to hire an attorney within the next three weeks. The court took this motion under advisement and authorized the defendant to telephone his parents, without charge, to pursue the possibility of retaining counsel.

On the actual day of trial, an additional hearing was held on defendant's motion for a continuance. Defendant stated that he had tried to retain coun-

sel, but the attorney wanted $600 and the defend-
ant was able to obtain only $300 from his parents.
Defendant stated:

"Well, the possibility exists, and it's only a possibility
that I would be able to receive more funds from my
aunt and uncle."

The trial court denied the motion for continuance
on the basis that defendant did not, in fact, have
retained counsel, the trial had been set for a long
time, four successive attorneys had been ap-
pointed, and that the defendant had changed his
tactics at the last minute.

*People v Charles O Williams,* 386 Mich 565
(1972), may be distinguished from the present case
on the basis that, there, there was a bona fide
dispute between the defendant and his attorney
concerning whether to call certain alibi witnesses.
This disagreement occurred only the day before
trial, and neither delaying tactics nor negligence
of the defendant was involved.

Conversely, in the instant case, the defendant
had had a series of appointed attorneys, none of
whom were able to work with the defendant on a
professional level because of his insistence upon
controlling his own case. Defendant had had two
weeks to try to raise money for the retention of
counsel and, even on the day of trial, had, in his
own words, only a possibility of obtaining money
for such a retainer. The record clearly supports
the conclusion that defendant was employing a
delaying tactic. It was not an abuse of discretion to
deny the continuance in this case. See *People v
Stinson,* 6 Mich App 648 (1967); *People v Clark,* 9
Mich App 602 (1968); *People v Henley,* 26 Mich
App 15 (1970).

The next decision before this Court is whether it

was error to deny defendant's motion to receive the transcript of his earlier trial, which took place in a different county, on a different charge.

Defendant contends that *Britt v North Carolina,* 404 US 226; 92 S Ct 431; 30 L Ed 2d 400 (1971), holds that the state must provide an indigent defendant with a free transcript of all earlier proceedings. Such is not the case. *Britt* involved a retrial of the defendant on the same charge, after a previous trial resulted in a hung jury. *Britt* holds that:

> "[T]he State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." 404 US at 227; 92 S Ct at 433; 30 L Ed 2d at 403.

The present case is distinguishable, as the defendant's first trial was for the crime of kidnapping and the second trial, with which we are here concerned, was for the crime of assault with intent to commit rape. While the preparation of the transcript from the earlier trial might aid the defendant in preparing a defense to a later kidnapping charge, it is irrelevant to the preparation of a defense to an assault charge, which took place at a later time and, most importantly, involved different acts. An indigent defendant is not entitled to transcripts of proceedings which are not necessary to the effective preparation of a defense on the crime charged.

Defendant next contends that the trial on the assault charge was barred by the double jeopardy clauses of the State and Federal Constitutions.

Defendant relies on *Ashe v Swenson,* 397 US 436; 90 S Ct 1189; 25 L Ed 2d 469 (1970), in support of his contention. However, *Ashe* is distinguishable on the basis that it involved the same

act, the robbery of six men playing poker at the same place and time, with only different complaining witnesses. In the instant case, kidnapping and assault with intent to commit rape are different crimes, and since they were committed in different counties, the venues were different. There was no way either prosecutor could have tried this defendant for both crimes in one court. While there may be a need for a change in the law so that, under such circumstances, a defendant could be tried for both crimes in one court, such change must be made by the Legislature, not by this Court.

Recently, in *People v White,* 41 Mich App 370 (1972), *leave to appeal granted,* 388 Mich 780 (1972), this Court in a split decision held that a defendant convicted of kidnapping by a jury in Wayne County Circuit Court could not thereafter lawfully be tried in Detroit Recorder's Court for rape and felonious assault, because it violated the defendant's Fifth Amendment right against being put in double jeopardy for the same offense, since the two statutorily defined crimes were committed during the commission of a single criminal transaction and were inextricably intertwined. However, we reject the "same transaction" test set forth in the majority opinion in White. There is nothing in either the Michigan Constitution or the United States Constitution regarding the "same transaction". The Michigan constitution states:

"No person shall be subject for the same offense to be twice put in jeopardy." Const 1963, art 1, § 15.

The Fifth Amendment to the United States Constitution states:

"[N]or shall any person be subject for the *same offense* to be twice put in jeopardy of life or limb." (Emphasis added.)

Here, the crimes of kidnapping and assault with intent to rape are clearly not the same offense. Nor is the one a lesser included crime of the other. Furthermore, they took place hours apart and in different venues. Clearly, to obfuscate this difference by using an amorphous term like the "same transaction" does great violence to the clear language of the Michigan Constitution and the 5th Amendment of the United States Constitution. This new term, heretofore never found in these two documents, does much to confuse what was formerly very clear. We specifically hold that separate trials for different offenses, committed at different times, does not violate the double jeopardy clause of either the Michigan or the United States Constitution.

Finally, defendant contends that his sentence of 9-1/2 to 10 years is invalid because (1) he was not represented by counsel at the time of sentencing and there is no valid waiver of his right to counsel at sentencing, and (2) his sentence is excessive under the Michigan indeterminate sentence law.

Defendant has a right to counsel at sentencing unless waived. No actual showing of prejudice is required. *People v Dye,* 6 Mich App 217 (1967). Here, there was no waiver at sentencing. While defendant's earlier conduct constituted a waiver of counsel at trial, it does not follow that defendant has waived his right to counsel in all future proceedings. When there is error at sentencing, the remedy is to remand for sentencing only. On remand, the trial court should determine whether defendant wishes to waive his right to counsel at the time of sentence. Defendant may, of course, make an effective waiver by his conduct, if he insists that he, not his attorney, control the proceedings. On resentencing, the trial court must

consider the application of *People v Tanner,* 387 Mich 683 (1972).

Affirmed and remanded for resentencing.

All concurred.