PEOPLE v YODER

1. CRIMINAL LAW—EVIDENTIARY HEARING—MENTAL COMPETENCY—PLEA OF GUILTY.

A judge properly assessed credibility of other witnesses and the weight of their testimony in an evidentiary hearing and properly found a defendant was mentally competent fully to understand the nature and consequences of his act and to understand and make a choice in regard to his constitutional rights at the time he pled guilty of a crime where the defendant's competency is amply supported by the record and where assuming the evidence showed that the defendant was a heavy user of amphetamines and other drugs, the only expert testimony introduced by defendant on the subject of drug abuse was essentially inconclusive about the effects of drug use on any one particular individual, and where the defendant had not been examined by the drug expert who testified for him.

2. CRIMINAL LAW—RIGHT TO COUNSEL—COURT RULES.

A current court rule requires that a defendant be advised at each stage of the criminal proceedings that he has a right to counsel at public expense; until the adoption of that rule, however, there was no requirement that a defendant, having been advised of his right to counsel at the plea-taking, be again advised of that right at the sentencing (GCR 1963, 785.4).

3. CRIMINAL LAW—JUVENILE RECORD—SENTENCES.

A trial court may review a defendant's juvenile record in determining an appropriate sentence.

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 October 11, 1972, at Grand Rapids. (Docket No. 13935.) Decided August 30, 1973.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 46–48, 508.
[2] 21 Am Jur 2d, Criminal Law §§ 309–323.
[3] 21 Am Jur 2d, Criminal Law §§ 582, 589.

Wayne Yoder was convicted, on his plea of guilty, of breaking and entering with the intent to commit larceny. Defendant appeals. Affirmed with minimum sentence modified.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Assistant Prosecuting Attorney, for the people.

*Richard S. McMillin,* Assistant State Appellate Defender, for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and TARGONSKI,* JJ.

PER CURIAM. Defendant pled guilty on February 8, 1971, to the offense of breaking and entering with the intent to commit larceny contrary to MCLA 750.110; MSA 28.305. He was sentenced May 3, 1971, to a term of 7-1/2 to 10 years in prison. When this case was originally appealed we remanded for an evidentiary hearing on the issue of whether defendant was mentally incompetent before and during the time of his arrest, incarceration and the subsequent plea-proceedings. An extensive hearing was held below lasting five days. The issues defendant raised originally are now before us again.

Defendant first seeks a vacating of his guilty plea on the ground that his heavy use of drugs both before and after his arrest made him mentally unfit so that he could not competently waive his constitutional rights, especially his right to counsel, and plead guilty. After the evidentiary hearing held at our order the hearing judge, who

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

was not the judge at the plea-taking, in a written opinion determined that the defendant "at the time he entered his plea of guilty, was mentally competent fully to understand the nature and consequences of his act and to understand and make a choice in regard to the constitutional rights which were explained to him by the judge". We have carefully reviewed the 683 pages of testimony transcribed from the evidentiary hearing and have concluded that the hearing judge's determination with respect to defendant's competency is amply supported by the record. Assuming the evidence showed that the defendant was a heavy user of amphetamines and other drugs, the only expert testimony introduced by defendant on the subject of drug abuse was essentially inconclusive about the effects of drug use on any one particular individual. Defendant, moreover, had not been examined by the drug expert who testified. The hearing judge was left with the responsibility of assessing other witnesses' credibility and the weight of their testimony, a task which we find was properly completed.

Defendant next objects that the trial court erred in not advising him of his right to counsel at the sentencing. Defendant had been advised of his right to counsel at the plea-taking proceedings, but waived it. GCR 1963, 785.4, effective June 1, 1973, now requires that a defendant be advised at each stage of the criminal proceedings that he has a right to counsel at public expense. Until the adoption of that rule, however, there was no requirement that a defendant, having been advised of his right to counsel at the plea-taking, be again advised of that right at the sentencing. See, former GCR 1963, 785.3; *People v Zunno*, 384 Mich 151, 156; 180 NW2d 17, 19–20 (1970).

Defendant finally claims that the trial court erred in considering defendant's juvenile record in passing sentence. This much disputed issue was recently decided in *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973), wherein the Supreme Court held that it was permissible for the trial court to review a defendant's juvenile record in determining an appropriate sentence.

Defendant was permitted at oral argument to assert that *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), required the reduction of his minimum sentence to 2/3 of his maximum sentence. We agree, and amend his minimum sentence to read 6-2/3 years.

Affirmed, except as to modification of minimum sentence.