PEOPLE v O'CONNOR

CRIMINAL LAW—RIGHT TO COUNSEL—SENTENCING—WAIVER—COURT RULES.

Failure of a court to advise a defendant at sentencing of his right to counsel was not error where the sentencing occurred prior to the effective date of the present court rule which governs the proceedings and the defendant had previously waived counsel at the time his plea was taken (GCR 1963, 785.4[1][2]).

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 October 14, 1974, at Lansing. (Docket No. 18033.) Decided December 5, 1974.

Cleo J. O'Connor was convicted, on his plea of guilty, of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, and *Aloysius J. Lynch,* Special Assistant Attorney General, of counsel), for the people.

*John B. Phelps,* Assistant State Appellate Defender, for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and BEBEAU,* JJ.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 316, 317, 319.
Duty to advise accused as to right to assistance of counsel. 3 ALR2d 1003.
What constitutes waiver of right to counsel by minor accused. 71 ALR2d 1160.
* Circuit judge, sitting on the Court of Appeals by assignment.

HOLBROOK, P. J. The defendant pled guilty on November 17, 1972, to breaking and entering. MCLA 750.110; MSA 28.305. He was sentenced to 2 to 10 years in prison on December 22, and appeals as of right. The defendant specifically waived counsel at plea-taking.[1] At the time of sentencing he was not advised again of any right to counsel. Defendant raises one issue: Prior to the effective date of the present GCR 1963, 785.4(2) on June 1, 1973, did waiver of counsel at arraignment obviate the need to advise the defendant of his right to counsel at sentencing? The sole issue is whether the sentence should be vacated and the matter remanded to the trial court for resentencing. The present court rule in effect reads as follows:

"(1) At the arraignment on the complaint and warrant the court shall personally advise the defendant that he is entitled to the assistance of a lawyer, and that if he is financially unable to provide a lawyer of his own choice the court will, upon his request, appoint a lawyer for him at public expense. Even though a defendant has during the course of proceedings waived assistance of a lawyer, he shall not be called upon to participate in any subsequent proceedings (e.g., preliminary examination, arraignment, hearings, trial, or sentencing) until upon being advised on each such occasion of his right to a lawyer at public expense he expressly reaffirms his desire to waive assistance of a lawyer or, if he is eligible for and then requests the appointment of

---

[1] *"The Court:* Now, Mr. O'Connor, you are charged with what we commonly call breaking and entering and on this arraignment and on the whole case you do have a right to have an attorney. You understand that?

*"The Defendant:* Yes, sir.

*"The Court:* If you don't have enough money for an attorney you have a right to have a court-appointed one that would be of no expense to you. Our question here, first of all, is whether or not you want an attorney.

*"The Defendant:* No."

a lawyer, until a lawyer has been appointed, or if he then so requests and has the financial ability to do so, he has had a reasonable opportunity to retain a lawyer.

"(2) If the defendant is not represented by a lawyer the record must affirmatively show on each occasion that the advice of the right to a lawyer at public expense was given and that defendant waived that right." GCR 1963, 785.4(1), (2).

The prior court rule did not require a defendant to be informed of his right to counsel at sentencing.[2] We are faced with the question of whether failure of the trial court in this case to inform the defendant at sentencing of his right to counsel requires a remand for resentencing where the defendant had previously specifically waived counsel at the arraignment and acceptance of this plea of guilty.

In 1968 our Court faced the issue raised herein at a time when the former court rule was in effect. In the case of *People v Crow,* 13 Mich App 594, 595; 164 NW2d 750 (1968), in a per curiam opinion the Court stated unequivocally: "A waiver of counsel on arraignment obviates any necessity of advis-

[2] "In every prosecution wherein the accused is charged with a felony, the trial court shall conform to the following practice:

"(1) Arraignment. If the accused is not represented by counsel upon arraignment, before he is required to plead, the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him. If the accused states he will procure counsel or requests that counsel be appointed, a reasonable time thereafter shall be allowed for counsel to consult with the accused before his plea shall be taken.

"(2) Imposing Sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted." GCR 1963, 785.3(1), (2).

ing defendant of the same right at the time of sentencing." Our Court in the case of *People v Yoder,* 49 Mich App 295, 297; 212 NW2d 35, 36 (1973), another per curiam opinion, faced the same issue. In that case the defendant pled guilty on February 8, 1971, prior to the new court rule, but the case was decided in August 1973, after the new court rule was adopted and in effect. This Court therein stated:

"Defendant next objects that the trial court erred in not advising him of his right to counsel at the sentencing. Defendant had been advised of his right to counsel at the plea-taking proceedings, but waived it. GCR 1963, 785.4, effective June 1, 1973, now requires that a defendant be advised at each stage of the criminal proceedings that he has a right to counsel at public expense. Until the adoption of that rule, however, there was no requirement that a defendant, having been advised of his right to counsel at the plea-taking, be again advised of that right at the sentencing. See, former GCR 1963, 785.3; *People v Zunno,* 384 Mich 151, 156; 180 NW2d 17, 19–20 (1970)."

The defendant cites as authority for his position the case of *People v Dye,* 6 Mich App 217; 148 NW2d 501 (1967). This case was prior to the new court rule. The Court ruled that defendant had the right to have his counsel present at sentencing and remanded for resentencing. *People v Dye* can be distinguished from the case before us because therein the defendant had counsel at the time of original arraignment, but did not have his attorney present at the time of sentencing. There was no waiver, and defendant was not notified of his right to have his attorney present at the sentencing. In the instant case defendant specifically waived the right to have counsel at the arraignment. Defendant also cites the case of *People v*

*Johnson,* 386 Mich 305; 192 NW2d 482 (1971), to support his position. In that case the Supreme Court ruled that the defendant should have been represented by his own counsel at the sentencing instead of an attorney for a codefendant. A situation in which a single attorney represents more than one defendant easily gives rise to a conflict of interest. The Court stated at 386 Mich 316–317; 192 NW2d 487:

"The defendant's final contention of error is that he was effectively denied counsel at the time of his sentencing. This allegation concerns the sentence he received and not his conviction.

"We agree with the Court of Appeals' decision in *People v Dye,* 6 Mich App 217; 148 NW2d 501 (1967). In that case the trial court sentenced the defendant in the absence of counsel. In remanding for a new sentencing, then-Judge now Justice T. G. KAVANAGH stated that the Sixth Amendment of the United States Constitution, applicable to the states through the Fourteenth Amendment, requires counsel to be present at the time one convicted of a crime is sentenced. This reasoning finds further support in *Gadsden v United States,* 96 App DC 162; 223 F2d 627 (1955), and *Martin v United States,* 182 F2d 225 (CA 5, 1950). Sentencing is a critical stage in the criminal proceedings, and absent an intelligent waiver the defendant must be represented by counsel.

"The people's brief argues that Mr. Pliskow, attorney for a codefendant, provided sufficient representation for the defendant. The defendant should have been represented by his own counsel. A situation in which a single attorney represents two or more defendants easily gives rise to a conflict of interest.

"Two defendants in *Glasser v United States,* 315 US 60; 62 S Ct 457; 86 L Ed 680 (1942), were convicted of conspiracy to defraud the United States. One defendant, Glasser, had retained an attorney to represent him. Prior to the trial, the court appointed the same attorney to represent a second defendant. On appeal, Glas-

ser's conviction was affirmed by the Seventh Circuit of the United States Court of Appeals.

"The United States Supreme Court reversed Glasser's conviction on the ground that the trial court had denied his right to have the effective assistance of counsel as guaranteed by the Sixth Amendment. The Court held that when the possibility exists that conflicting interests may arise, two defendants should not be represented by the same attorney."

The *Glasser* rule was directly applied to the facts in the *Johnson* case which were very similar.

The case of *People v Joines,* 46 Mich App 427; 208 NW2d 193 (1973), cited by defendant is also not on point. Therein the defendant did not specifically waive the right to counsel as defendant did in the instant case. Also defendant in *Joines* requested counsel from the Court and an attorney was appointed to act on his behalf. The Court also ruled in *Joines* that defendant's actions in insisting on conducting his own trial may have effectively waived counsel for trial but it did not extend to the sentencing process.

To rule in favor of defendant herein would require this Court to either give retroactive effect to the amended court rule or rule that under the former court rule an unequivocal waiver of counsel at the arraignment does not carry through the sentencing process, *i.e.,* he must be advised of his right to counsel again at sentencing and reject the offer or waive the right to counsel.

The Michigan cases cited by defendant are authority for the principle that when a defendant has an attorney at arraignment, he is entitled to have that same attorney or other competent counsel present at the sentencing. Under the former court rule which was in effect at the time that this

case took place, the acceptance of the plea and the sentencing was considered as one transaction.

The following colloquy took place between the court and the defendant at arraignment:

*"The Court:* Now, Cleo, before we accept your plea there are certain rights that you do have and I have to make sure you do understand those rights. By pleading guilty you would waive certain rights. In other words, you wouldn't ask the court to be permitted to have those rights enforced.

"Now, on this particular charge the maximum possible sentence under the Statute is ten years in prison. Do you understand that?

*"The Defendant:* Right.

*"The Court:* Are you on parole or probation now?

*"The Defendant:* Parole.

*"The Court:* From where?

*"The Defendant:* Jackson.

*"The Court:* What kind of a charge?

*"The Defendant:* B and E.

*"The Court:* Do you understand that if the court accepts your plea you would automatically be guilty of violation of your parole and you could be brought back to Jackson to serve out whatever balance there is remaining on the other sentence?

*"The Defendant:* Yes, sir.

*"The Court:* Have you been charged with anything relative to this breaking and entering before?

*"The Defendant:* No."

In view of the fact that the defendant had previously been convicted of a similar crime and was at the time when he committed this offense on parole, it is difficult for us to understand how he could have been more fairly treated when sentenced. His sentence of 2 to 10 years for a second felony conviction while he was on parole appears to us to be *very* minimal and more than fully justified.

In the instant case we are constrained to decline to depart from our Court's rulings in *People v Crow, supra,* and *People v Yoder, supra.*

Affirmed.

All concurred.