GEORGE EDWARDS v. THE PEOPLE.

*Information—Private examination of prisoner pleading guilty.*

The omission from a criminal information of the proper conclusion in the words "against the form of the statute in such case made and provided and against the peace and dignity of The People of the State of Michigan," is cured by Comp. L., § 7923.

The age of an offender sentenced to the Ionia House of Correction should be shown by the record of the case. Act 176 of 1877, § 12.

An examination by a judge to ascertain whether a plea of guilty is voluntary or not, involves a search into the depositions or similar evidence, and a personal and private examination of the accused outside of the routine business of the court, and apart from the prosecuting attorney; and the record should show the performance of this duty, or at least show such an interval between plea and sentence as will justify the presumption that it has been performed.

Error to Washtenaw. Submitted October 23. Decided November 22.

LARCENY. Respondent was convicted.

*Hawley & Firnane* for plaintiff in error. The record in a criminal case must show that every step necessary to a legal conviction has been taken, as arraignment and plea *(Grigg v. People,* 31 Mich., 471; *Aylesworth v. People,* 65 Ill., 301; *Davis v. State,* 38 Wis., 487); respondent's presence *(Stubbs v. State,* 49 Miss., 716); that respondent was asked if he had anything to say as to why judgment should not be pronounced against him, *McCue v. Com.,* 78 Penn. St., 185. See 1 Bish. Cr. Pr., §§ 1178–82.

Attorney General *Otto Kirchner* for the People.

CAMPBELL, C. J. Plaintiff in error was informed against on a charge of larceny, in the daytime, from a shop, of a gold watch of the value of twenty-five dollars. The information was sworn to on the 25th of June,

averring the offense on the 11th.  On the same 25th day
of June the prisoner was arraigned, pleaded guilty and
was sentenced to the Ionia house of correction for three
years.    There is nothing in the record to show his age
to have been between sixteen and twenty-five years,
although the offense is made by law punishable in the
State prison, and the statute organizing the house of
correction allows only persons between those ages to be
sent there.  Public Acts, 1877, p. 173.   The information
is without the proper conclusion, but that defect is
cured by § 7923 of the Compiled Laws.

The error relied on to reverse the judgment is that
the court did not make the proper investigation before
proceeding to sentence the prisoner, to ascertain whether
he ought not to have been put on trial.

It has always been customary, and is according to
many authorities essential before sentence to inquire of
the prisoner whether he has anything to say why sentence
should not be pronounced against him; and this it is
generally said should appear of record.  It does appear
in the record before us.  The reason given seems to
have been that reasons might be shown which would
prevent sentence.

The Legislature of 1875, having in some way had
their attention called to serious abuses caused by pro-
curing prisoners to plead guilty when a fair trial might
show they were not guilty, or might show other facts
important to be known, passed a very plain and signifi-
cant statute designed for the protection of prisoners and
of the public.  It was thereby enacted as follows:

"That whenever any person shall plead guilty to an
information filed against him in any circuit court, it
shall be the duty of the judge of such court, before pro-
nouncing judgment or sentence upon such plea, to become
satisfied, after such investigation as he may deem neces-
sary for that purpose, respecting the nature of the case,
and the circumstances of such plea, that said plea was
made freely, with full knowledge of the nature of the
accusation, and without undue influence.  And whenever
said judge shall have reason to doubt the truth of such

plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered, and order a trial of the issue thus formed." Pub. Acts, 1875, p. 140.

It is impossible to regard this statute as merely directory. It does not occur in the midst of other provisions among which it might have been inserted without much attention. It is a single provision in a statute referring to nothing else, and such a statute cannot be regarded as passed without some strong occasion.

It is contrary to public policy to have any one imprisoned who is not clearly guilty of the precise crime charged against him, and it is equally contrary to policy and justice to punish any one without some regard to the circumstances of the case. By confining this statute to informations and not extending it to indictments, it is easy to see that the Legislature thought there was danger that prosecuting attorneys, either to save themselves trouble, to save money to the county, or to serve some other improper purpose, would procure prisoners to plead guilty by assurances they have no power to make of influence in lowering the sentence, or by bringing some other unjust influence to bear on them. It is to be presumed they had evidence before them of serious abuses under the information system which in their judgment required checking by stringent measures.

Every one familiar with the course of criminal justice knows that those officers exercise very extensive and dangerous powers, that in the hands of an arbitrary or corrupt man are capable of great abuse. And unless the general impression is wrong, great abuses have been practiced by this very device of inveigling prisoners into confessions of guilt which could not be lawfully made out against them, and deceiving them concerning the precise character of the charges which they are led to confess. And it has also happened, as is generally believed, that by receiving a plea of guilty from a person whose offense is not aggravated, worse criminals who

have used him for their purposes remain unpunished, because the facts which would convict them have not been brought out.

This statute not only requires the judge to examine carefully into the facts of the case, which can require no less than a search into the depositions if they have been returned or similar evidence if they have not been taken, but also compels him to examine the prisoner himself concerning the circumstances which induced him to plead guilty. It is evident that for this purpose it would be highly improper to take any thing on the statement of the prosecuting attorney, or to allow him to be present at the examination of the prisoner, who in this respect stands in a position analogous to that of a married woman under the laws providing for her separate examination. It could not have been contemplated that this should be done during the routine business of court and in presence of all the officers of justice and the prosecutor.

Without deciding that the absence from the record of a recital of such investigation must in all cases avoid the validity of a sentence on such plea, we have no hesitation in saying that the record ought to show the fact, and unless it does so, must show at least a reasonable delay between plea and sentence which may justify some presumption that this duty has been performed.

The present record is, if not absolutely conclusive that no such steps were taken, at least strongly indicative of that fact.

The statutes entitle prisoners to a copy of the information, and require an endorsement of the names of witnesses. This is intended to enable them to prepare for defense, and to make such inquiries as may be necessary about those witnesses. In the present case the information was not put in until the time of the arraignment, and the sentence immediately followed the plea. While it is barely possible that all this is compatible with such deliberation and investigation as the statute

requires, the hasty and careless form of the information, (which as printed has no endorsements,—although upon this we need not investigate), the absence of any finding of the age of the prisoner, and the omission of any finding or circumstance explanatory all lead almost irresistibly to the conclusion that the statute was not complied with.

The case of *The matter of Mason*, 8 Mich., 70, which was cited to show presumptions must be made that the proper investigation had been had, is not in point. There the court had expressly found the age of the respondent, and it was held the fact of such a finding raised a presumption it was made on sufficient evidence. If there had been any thing in this record showing directly or impliedly that the attention of the judge had been called to the propriety of acting on the plea, it might have been presumed he must have informed himself on that subject. Here it does not so appear.

Being of opinion that the record before us furnishes presumptive evidence at least that the statute was disregarded, we feel compelled to reverse the judgment. It is to be hoped that some express provision of law will require the record to note what is done in these cases. The statute is a wholesome one, but in the evident want of care in carrying it out we do not feel warranted in holding that a failure to note the fact on the record is conclusive. It is too important a matter to be left without some more positive direction concerning its appearance on the court journals.

Judgment must be reversed, and the prisoner discharged.

The other Justices concurred.