PEOPLE v. VESTER.

CRIMINAL LAW—PLEA OF GUILTY—SENTENCE—WITHDRAWAL OF PLEA —NEW TRIAL.

Where plea of guilty to charge of rape and assault with intent to commit the crime of rape was voluntarily made and trial judge delayed two days before sentencing defendant to life

imprisonment, denial of motion to set aside and vacate the sentence and for a new trial is affirmed (3 Comp. Laws 1929, § 17328; Act No. 328, §§ 85, 520, Pub. Acts 1931).

Butzel, Bushnell, and Reid, JJ., dissenting.

Appeal from Kent; Brown (William B.), J. Submitted January 13, 1944. (Docket No. 86, Calendar No. 42,568.) Decided September 11, 1944. Rehearing denied September 1, 1944.

Jesse Vester was convicted of rape and assault with intent to commit rape. Affirmed.

*Thomas G. Roach,* for appellant.

*Herbert J. Rushton,* Attorney General, *Menso R. Bolt,* Prosecuting Attorney, and *Adrian W. Verspoor,* Assistant Prosecuting Attorney, for the people.

Sharpe, J. On July 16, 1942, defendant was arrested under a warrant charging him with the crime of rape and assault with intent to commit the crime of rape. He was arraigned and entered a plea of guilty. On July 18, 1942, he was given a sentence of life imprisonment.

On November 18, 1942, defendant filed a motion to set aside and vacate the sentence and for a new trial. This motion is supported by and based upon two affidavits. The affidavit of defendant alleges that from the time of his arrest until the time of his arraignment he was kept in close confinement and had no opportunity to obtain legal counsel; that he had no knowledge of the legal elements of the crime with which he was charged; and that he understood that the charges were based upon illicit sexual relations. The affidavit of Pauline Vander Roest denies that defendant made an assault upon her. Affidavits in opposition to the motion were filed by

the prosecuting attorney. The trial court denied defendant's motion. Defendant appeals.

The record shows that the information filed against defendant contains two counts. The first count charges that defendant committed the crime of rape upon Pauline Vander Roest contrary to Act No. 328, § 520, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–520, Stat. Ann. § 28.788), while the second count charges defendant with assault with intent to commit the crime of rape contrary to Act No. 328, § 85, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–85, Stat. Ann. § 28.280). Defendant was arraigned on July 16, 1942, and pleaded guilty to the information.

Defendant urges that he be allowed to withdraw his plea of guilty to both counts in the information for the reasons stated in the affidavits attached to his motion. The rule as to withdrawal of a plea of guilty is stated in *People* v. *Vasquez,* 303 Mich. 340, where we said:

"But we have always adhered to the rule that after sentence has been imposed, the withdrawal of a plea of guilty rests in the sound discretion of the court."

The only question involved in this case is whether there was an abuse of discretion upon the part of the trial court in its refusal to allow defendant to withdraw his plea of guilty.

It appears in the record that the State department of corrections, bureau of probation, made an investigation of defendant. When interviewed, the defendant told the investigator:

"I had been keeping company with Pauline for about three months. This night we went for a ride and later parked. We necked a while and then she let me monkey around. Finally we got to fighting

and I hit her on the jaw three times. I did have my privates in her but only part way and only about a minute. She jumped out of the car and ran away."

We must assume that the trial court made a proper investigation of the nature of the case; and that the plea was freely made with full knowledge of the nature of the accusation and without undue influence as is required by 3 Comp. Laws 1929, § 17328 (Stat. Ann. § 28.1058).

The validity of a sentence pronounced upon a plea of guilty does not depend upon its appearing of record in what manner the judge may have proceeded to satisfy himself that the person acted freely in pleading guilty. *People* v. *Ferguson,* 48 Mich. 41.

Defendant urges as an additional reason for withdrawal of his plea of guilty that the trial court at the time defendant was sentenced stated as follows:

"Mr. Vester, you have pleaded guilty to the offense of rape as stated in Act No. 328, § 85, Pub. Acts 1931,—rather, the offense is charged under that section of the law.   *   *   *

"The statute under which you have pleaded guilty carries a penalty of life."

The section referred to by the trial judge does not refer to the crime of rape, but does refer to the crime of assault with intent to commit the crime of rape. It is to be noted that the above statement made by the trial court was not made at the time defendant pleaded guilty, but was made at the time defendant was sentenced. Having been made subsequent to the acceptance of the plea of guilty, it has no bearing on the question involved in this case.

The trial court stated on the motion to vacate the sentence:

"I am thoroughly convinced that this man knew what he was talking about on the 16th of July when

I talked to him and I remanded him until the next Saturday morning so as not to act too hastily. Leaving this girl there in the woods in the dark, I commented upon the atrocity of it. I commented upon the perfect lack of motivating loyalty and patriotism when he was going into the army to get away from supporting his father and mother who had protected him and cared for him from his infancy, and the dastardliness of the purpose that he had in calling upon this girl that night solely for the purpose of having intercourse with her either with or without her consent. And after talking it over with him I put it over to the next Saturday morning so there wouldn't be any too hasty actions. And on the next Saturday morning he just as definitely admitted what he said two days before and so he was sentenced."

The record satisfactorily shows that defendant's plea was voluntarily made. There was no abuse of discretion in denying defendant's motion. The judgment is affirmed.

NORTH, C. J., and WIEST, and BOYLES, JJ., concurred with SHARPE, J. STARR, J., concurred in the result.

BUTZEL, J. (*dissenting*). Defendant, 20 years of age, charged with the crime of rape, was sentenced to life imprisonment on a plea of guilty. Subsequently, on motion for a new trial, a woman, older than defendant, signed an affidavit to the effect that she had given her consent to the sexual act; that, subsequently, there was a quarrel, and defendant struck her. At the time of his plea, defendant had no attorney to advise him as to the elements that make up the crime. He, however, was fully advised in advance that his plea of guilt might result in a sentence of life imprisonment. The statute makes the crime punishable by imprisonment for life or

any term of years. The judge had a right to impose life sentence. While some of us would have given defendant a new trial because of the affidavit of the alleged "victim" of the crime, and the fact that defendant had no counsel, nevertheless we find that there was not such an abuse of discretion so that we may properly interfere in the denial of a new trial. It is not within our province to decrease or increase the term of a sentence within the statutory limits. The undue severity of the sentence under the circumstances of the case, however, impels us to examine it more carefully. The State of Michigan has not adopted the suggestion made by leading penologists that the trial court simply determine guilt or innocence of the accused and then refer the length of time of imprisonment to a competent board which could parole the prisoner, but before doing so, would consider the adequacy of the punishment, the rehabilitation of the prisoner and his fitness to re-enter society. We do not know from the sentence what the trial judge intended. Instead of giving the defendant an indeterminate sentence with a minimum of a limited number of years and a maximum of life, the judge in sentencing the defendant, stated as follows:

"We have a system of penology in Michigan where a certain board called the board of paroles and pardons has some authority over the prisoners after they are committed to the prison. * * *

"It is my judgment that inasmuch as the statute has placed the matter of determining the length of sentence in the hands of the parole board to a large extent, that a matter of this kind should be placed as fully as possible with the parole board. The sentence of this court is that you be confined in the Southern Prison of Michigan in Jackson county for a period of your natural life, leaving it to the parole and pardon board to say at such time

and under what circumstances, if any, you shall be paroled.''

Under chapter 3, § 4, of the law relating to probation (Act No. 255, Pub. Acts 1937), as amended by Act No. 173, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 17543–44, Stat. Ann. 1943 Cum. Supp. § 28.2104), defendant could be released only by the bureau of pardons and paroles after he had served 10 calendar years of the sentence. It may be claimed that the judge intended thus to make the minimum term 10 calendar years and the maximum term life. The language used by the judge indicates that he wanted to leave to the pardon and parole bureau the right to parole defendant at such time as they might thereafter determine. If the trial judge concludes that it is proper that the defendant, who has served almost two years, be eligible to parole after a reasonably short minimum term, and that it be left to the bureau of pardons and paroles to determine when, if ever, he should be paroled, it should be so stated in resentencing the defendant.

Under the circumstances, I believe the sentence should be set aside and the prisoner remanded for resentencing.

BUSHNELL and REID, JJ., concurred with BUTZEL, J.