PEOPLE *v.* JOHNSON

OPINION OF THE COURT

1. NEW TRIAL—DELAYED MOTION FOR NEW TRIAL—TIME LIMIT.
The Michigan Supreme Court does not look with favor upon a long-delayed motion for a new trial, although there is no final time limitation by existing rule.

2. CRIMINAL LAW—PLEA OF GUILTY—COERCED PLEA—PROMISES OF LENIENCY—VACATING PLEA.
Plea of guilty by defendant who was sentenced for 20 to 40 years must be vacated, if the allegations contained in his unsupported affidavit are true that his plea was coerced in that after his arrest he was beaten by a police official until he passed out, and then warned he would be given more of the same if he did not plead guilty, that his plea was induced in that he was promised by his attorney, the assistant prosecutor, and a police officer that if he pled guilty he would receive a maximum sentence of 10 years (MCLA 768.35; Court Rule No 35A [1945]).

3. CRIMINAL LAW—PLEA OF GUILTY—REMAND FOR EVIDENTIARY HEARING—NEW TRIAL—DISCRETION—COERCED PLEA—INDUCED PLEA—VACATING PLEA—APPEAL AND ERROR.
Case should be remanded for an evidentiary hearing to determine if the defendant's guilty plea was "freely, understandingly

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur 2d, New Trial §§ 187–191.
[2, 4, 5] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[3] 4 Am Jur 2d, Appeal and Error §§ 397, 498, 499; 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[6–8] 21 Am Jur 2d, Criminal Law §§ 313, 529, 530.
[9] 5 Am Jur 2d, Appeal and Error § 545.

and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency" where there is no record of the trial court proceedings on defendant's motion to set aside his guilty plea as the Michigan Supreme Court has no basis for determining whether or not the trial court abused its discretion in denying the defendant's motion for a new trial; if the defendant's guilty plea was unlawfully coerced or induced, then it must be vacated and a new trial granted.

4. Criminal Law—Plea of Guilty—Voluntary Plea—Attorney and Client—Confession—Evidence.

Defendant was advised by counsel at the time of his plea of guilty and, therefore, his argument that his plea was not voluntary because he then believed an allegedly improperly exacted statement made by him to the police concerning the crime would be admissible as evidence must fail as, a plea entered under such circumstances with the advice of counsel is a voluntary act.

5. Criminal Law—Plea of Guilty—Motion to Vacate Plea—Constitutional Law—Confrontation of Witnesses—Presumption of Innocence—Nature of Offense—Self-Incrimination—Record of Plea—Appeal and Error.

Trial court should determine, on remand, whether the defendant was properly informed on the record at any time prior to the acceptance of his guilty plea where the plea proceeding transcript is improperly silent as to whether the trial judge informed defendant of his constitutional right to confront witnesses, his presumption of innocence, the nature of the offense, his right against self-incrimination, and whether the trial judge established a factual basis for the defendant's plea as, it is possible that the proper instructions to the defendant took place at an earlier stage of the proceedings; if the evidentiary hearing does not disclose that the defendant was substantially informed of each of his rights, then his motion to vacate his plea of guilty must be granted.

6. Criminal Law—Sentencing—Presence of Counsel—Constitutional Law.

The Sixth Amendment of the United States Constitution, applicable to the states through the Fourteenth Amendment, requires counsel to be present at the time one convicted of a crime is sentenced (US Const, Ams 6, 14).

7. CRIMINAL LAW—SENTENCING—CRITICAL STAGE OF PROCEEDINGS—
WAIVER—REPRESENTATION BY COUNSEL.

Sentencing is a critical stage in the criminal proceedings and
absent an intelligent waiver the defendant must be represented
by counsel.

8. CRIMINAL LAW—SENTENCING—ASSISTANCE OF COUNSEL—CONFLICT
OF INTEREST.

Defendant should have been represented by his own counsel at
sentencing rather than by an attorney for a codefendant as
a situation in which a single attorney represents two or more
defendants easily gives rise to a conflict of interest.

9. APPEAL AND ERROR—CRIMINAL LAW—SENTENCING—ALLOCUTION.

Defendant's assignment of error due to the fact that he was
not provided with an opportunity to speak at the time he was
sentenced was an issue not raised in either the trial court or
the Michigan Court of Appeals and, therefore, will not be con-
sidered by the Michigan Supreme Court.

DISSENTING OPINION

BLACK and T. E. BRENNAN, JJ.

10. NEW TRIAL—MOTION FOR NEW TRIAL—DISCRETION—PLEA OF
GUILTY—APPEAL AND ERROR.

*A motion for new trial addresses itself to the discretion of the
trial judge and abuse of discretion is not to be presumed by
an appellate court.*

11. CRIMINAL LAW—PLEA OF GUILTY—EVIDENTIARY HEARING—NEW
TRIAL.

*Trial court ought to conduct an evidentiary hearing to determine
the truth of the allegations made where a motion for new
trial attacks the integrity of the proceedings, at which a plea
of guilty was accepted, and the allegations in the motion,
supported by affidavit are such that, if true, would vitiate the
voluntariness of the plea.*

12. NEW TRIAL—MOTION FOR NEW TRIAL—DISCRETION—EVIDENTIARY
HEARING.

*It has always been within the discretion of trial judges to take
testimony upon the hearing of a motion for new trial; such
an evidentiary hearing is not a new invention, nor an inno-
vation in the area of post-conviction remedies.*

13. APPEAL AND ERROR—IN PROPRIA PERSONA—REMAND TO SUPPLE-
MENT RECORD.

> *Normally, it is the burden of the appellant to present to the*
> *Michigan Supreme Court all pertinent portions of the record*
> *below but where the appeal is* in propria persona *and the ap-*
> *pellant is unschooled in such things and the Court has already*
> *come so far, the case should be remanded for the sole purpose*
> *of supplementing the appendix with the addition of a ver-*
> *batim transcript of the proceedings before the trial judge.*

Appeal from Court of Appeals, Division 1, Hol-
brook, P. J., and R. B. Burns and Fitzgerald, JJ.,
denying application for leave to appeal from Re-
corder's Court of Detroit, Geraldine Bledsoe Ford,
J. Submitted May 7, 1971. (No. 30 April Term
1971, Docket No. 52,330.) Decided December 21,
1971.

Roger Johnson was convicted, on his plea of guil-
ty, of second-degree murder. Application for leave
for delayed appeal to the Court of Appeals denied.
Defendant appeals. Remanded for evidentiary
hearing.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, Dominick R. Carnovale,
Chief, Appellate Department, and *Angelo A. Pen-
tolino, Assistant Prosecuting Attorney, for the peo-*
ple.

Roger Johnson, *in propria persona.*

WILLIAMS, J. This is one of a quartette of cases
dealing with guilty pleas.[1]

---

[1] This case is one of the quartette of *People* v. *Rufus Williams*
(1971), 386 Mich 277, *People v. Jaworski* (1972), 387 Mich 21, *People*
v. *Butler* (1972), 387 Mich 1 and *People* v. *Johnson* (1971), 386 Mich
305. Together they consider the principal rules of law relating to
the taking of guilty pleas. *Williams* relates more particularly to

This case presents two basic issues before this Court: 1. Whether the defendant's guilty plea was freely, understandingly, and voluntarily made; 2. Whether the defendant was adequately informed of his constitutional rights by the trial court.

A third question was also raised: Whether the defendant was prejudicially denied counsel at the time of his sentencing.

The defendant Roger Johnson and one Clifton Downing were charged on August 10, 1962, with first-degree murder in the shooting death of Eugene Oliver. The defendant originally pled not guilty, but then on November 26, 1962, withdrew that plea and pled guilty to the included offense of second-degree murder. He was sentenced to a prison term of not less than 20 years, or more than 40 years.

On September 8, 1967, the defendant filed a delayed motion for setting aside of his plea of guilty and for a new trial. This motion was denied by the trial court on January 30, 1968. An application for delayed appeal was denied by the Court of Appeals on August 30, 1968. This Court granted

the requirement that the trial judge ascertain the factual basis of the alleged crime to which the defendant is pleading guilty, especially in light of *People* v. *Barrows* (1959), 358 Mich 267. *Jaworski* deals with whether the plea was *understandingly* made, more specifically with whether the defendant was adequately advised of his rights so that his guilty plea constitutionally waived them. *Jaworski* also considers the general implications of *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274). *Butler* is a pre-*Boykin* case. Its main point is whether substantial compliance requires advising defendant of substantially all of his rights or substantially advising defendant of all his rights. *Johnson's* main consideration is whether the guilty plea was *voluntarily* made, more specifically whether it was made without *duress* or *promise of leniency.* It also deals with the *Boykin* challenge. Procedurally, since *Johnson's* main point is not a guilty plea record matter, *Johnson* also considers how and when such review should be handled.

These cases also conclude that the state of the law on this subject and the general understanding of the law leaves much to be desired. The Supreme Court is setting up a committee to consider the whole matter and recommend clarifying and definitive rules to be strictly followed after adoption.

the defendant's delayed application for leave to appeal on June 24, 1969.

## I.

In the instant case, the defendant waited five years before attempting to have his guilty plea set aside. While there is no final time limitation by existing rule, we do not look with favor upon a long-delayed motion for a new trial. *People* v. *Barrows* (1959), 358 Mich 267, 272. We recognize the problems of the people in prosecuting the defendant for an offense committed nearly a decade ago.

Appeals such as this one illustrate the need for a court rule which would allow as of right hearings on the merits by motion in the trial court to vacate conviction and to withdraw the guilty plea only for a fixed reasonable period, for example the first 90 days following the date of sentencing. Such a rule would afford defendants ample opportunity to appeal alleged deprivation of their constitutional rights, while at the same time eliminating long-delayed motions for new trials. Thereafter hearing would only be on good cause shown, both on the merits and reason for delay.

As noted in *Rufus Williams* (1971), 386 Mich 277 also decided this day, this Court is setting up a committee comprised of members of the Bench and Bar to re-evaluate our current court rule on the acceptance of guilty pleas. That committee should also give serious consideration to a provision limiting the time to move as of right for the withdrawal of a guilty plea and the grant of a new trial.

## II.

The defendant's major contention is that his plea of guilty was not freely, understandingly, and volun-

tarily made.  He alleges in an unsupported affidavit that his plea was coerced in that after his arrest he was beaten by a police official until he passed out, and then warned he would be given more of the same if he did not plead guilty.  The defendant further alleges that his plea was induced in that he was promised by his attorney, the assistant prosecutor, and a police officer that if he pled guilty he would receive a maximum sentence of ten years in prison.  None of these allegations obviously were a matter of record at the time the guilty plea was received.

MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058) deals with the acceptance of guilty pleas and requires the trial court to satisfy itself  " *  *  *  that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence."

Court Rule No 35A (1945) requires  " *  *  *  that the plea was freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency."  A review of the law in this area illustrates that if the allegations contained in the defendant's affidavit are true, his plea of guilty must be vacated.[2]

---

[2] In *Edwards* v. *People* (1878), 39 Mich 760, the defendant's plea of guilty on a charge of larceny was set aside by this Court.  The trial court in *Edwards* failed to investigate the defendant's case to ascertain that his plea was given freely and without undue influence.  In writing for the court, Chief Justice CAMPBELL stated:

"This statute not only requires the judge to examine carefully into the facts of the case, which can require no less than a search into the depositions if they have been returned or similar evidence if they have not been taken, but also compels him to examine the prisoner himself concerning the circumstances which induced him to plead guilty."

The statute involved, PA 1875, No 99, stated, " *  *  *  it shall be the duty of the judge of such court  *  *  *  to become satisfied  *  *  *  that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence."

The defendant in *Henning* v. *People* (1879), 40 Mich 733, was originally charged with murder and subsequently pled guilty to the crime of manslaughter.  In his motion to have his plea set aside,

This Court dealt with alleged coerced pleas of guilty in the case of *People* v. *Coates* (1953), 337 Mich 56. The defendant in *Coates* pled guilty to the crimes of rape and robbery armed in 1929. Subsequently he moved to have those pleas vacated in 1947 alleging that he had been threatened with death by police officials if he did not plead guilty. The defendant's contentions were supported only by his

he alleged that the judge did not make any investigation into the case to satisfy himself that the plea was made freely, with full knowledge of the accusation, and without undue influence. This Court asked for a return from the trial judge as to his investigation concerning the plea. The trial judge's return stated that he had repeated interviews with the defendant's counsel and friends, had made full inquiry into the matter, and was satisfied that the plea was properly received. This Court then affirmed the conviction.

This Court vacated a guilty plea conviction for bank robbery in the case of *People* v. *Merhige* (1920), 212 Mich 601. The defendant, a taxi driver, alleged that he had been forced under threat of death to drive his car for a number of men who proceeded to rob a bank, killing a customer in the process. The defendant alleged that at no time did he have the assistance of counsel, and that he pled guilty because he feared that a great crowd of people present at the time of his arrest might eventually take the law into their own hands. The defendant also contended that he did not understand the charges against him.

In remanding for a jury trial, this Court concluded that the defendant did not voluntarily enter his plea of guilty with full knowledge of the consequences of such a plea. The Court stated further that:

" 'The plea should be entirely voluntary by one competent to know the consequences, and should not be induced by fear, misapprehension, persuasion, promises, inadvertence, or ignorance.' " 212 Mich 601, 612.

In *People* v. *Vester* (1944), 309 Mich 409, the defendant attempted to vacate his plea of guilty to the crime of rape after being sentenced to life imprisonment. The defendant alleged that he had not been represented by counsel and did not know the elements of the crime with which he was charged. In affirming the conviction, this Court made a presumption in favor of the trial court:

"We must assume that the trial court made a proper investigation of the nature of the case; and that the plea was made with full knowledge of the nature of the accusation and without undue influence as is required by 3 Comp. Laws 1929, § 17328 (Stat Ann § 28.1058)." 309 Mich 409, 412.

In *People* v. *Winegar* (1968), 380 Mich 719, this Court affirmed the guilty plea conviction of the defendant for assault with intent to murder. Though the defendant alleged in an affidavit that the plea had been obtained through inducement and coercive threats, this Court concluded that the record of the lower court proceedings indicated otherwise.

own affidavit, and were contradicted by the testimony of the police officials involved. While this Court affirmed the defendant's convictions in *Coates*, we also noted that if his allegation was true, it would be grounds for setting aside his plea of guilty:

"We have no hesitation in holding that if such threats came to the attention of any circuit judge a plea of guilty would not be accepted. Moreover, defendant's answers to questions propounded by Judge Black in open court after his plea of guilty was made contradicts the claim he now makes. In our opinion defendant's plea of guilty was voluntarily made and with knowledge of the consequences." 337 Mich 56, 75.

This Court was concerned with a plea of guilty allegedly obtained by inducement in the case of *In Re Valle* (1961), 364 Mich 471. In that case the defendant pled guilty to the charge of breaking and entering in the nighttime after his court-appointed counsel stated in open court that the prosecutor would not oppose probation with a six months' jail term. The defendant was subsequently sentenced to 5 to 15 years in prison. In holding that such a plea was unlawfully induced and not voluntary, this Court stated:

"In this situation we do not require that the promise of leniency be established beyond any doubt whatever, or even beyond any reasonable doubt in the mind of one learned in the law and acquainted with judicial administration. The requirement is far less stringent: If the evidence establishes that the prosecutor or the judge has made a statement which fairly interpreted by the defendant (in our case of foreign extraction and with only an eighth-grade education, presumably in court for the first time) is a promise of leniency, and the assurance is unfulfilled, the plea may be withdrawn and the case proceed to trial." 364 Mich 471, 477, 478.

The United States Supreme Court has also dealt with the problem of induced pleas of guilty. In *Machibroda* v. *United States* (1962), 368 US 487 (82 S Ct 510, 7 L Ed 2d 473) the defendant had pled guilty to two charges of bank robbery in 1956. He was sentenced to imprisonment for 25 years on one charge and for 15 years on the other, the sentences to run consecutively. In 1959 the defendant moved to have his pleas of guilty vacated on the grounds that they had been obtained by promises and threats. An accompanying affidavit of the defendant stated that the United States Attorney had promised him that he would receive a maximum total sentence of 20 years if he pled guilty. The defendant also alleged that the United States Attorney told him that two unsolved bank robberies would be added to his difficulties if he did not plead guilty.

In vacating the defendant's plea of guilty the United States Supreme Court stated:

"There can be no doubt that, if the allegations contained in the petitioner's motion and affidavit are true, he is entitled to have his sentence vacated. A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." 368 US 487, 493.

In the instant case, there is no record of the trial court proceedings on the defendant's motion to set aside the guilty plea. We have no basis for determining whether or not the trial court abused its discretion in denying the defendant's motion for a new trial. Therefore we must remand this case for an evidentiary hearing[3] with *Valle* as a guide to determine if the defendant's guilty plea was " * * *

---

[3] Such remand for evidentiary hearing is supported by our decision in *People* v. *Jones* (1971), 385 Mich 288; *People* v. *Daniels* (1966), 2 Mich App 395, 397; *People* v. *Henning* (1879), 40 Mich 733.

freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency." If the defendant's guilty plea was unlawfully coerced or induced, then it must be vacated and a new trial granted.

## III.

The defendant also alleges that his plea was not voluntary because he then believed an allegedly improperly exacted statement made by him to the police concerning the crime would be admissible as evidence. Without considering whether or not the statement would have been admissible, relying upon *McMann* v. *Richardson* (1970), 397 US 759 (90 S Ct 1441, 25 L Ed 2d 763) we dismiss this argument of the defendant. In *McMann,* the United States Supreme Court affirmed the guilty plea conviction of a defendant who alleged that he pled guilty due to a prior coerced confession. The Court stated that a plea entered under such circumstances with the advice of counsel is a voluntary act. The defendant in the instant case was advised by counsel at the time of his plea and therefore in light of *McMann, supra,* his argument on this issue must fail.

## IV.

The defendant argues that the trial judge erred in failing to inform him of his constitutional right to confront witnesses, and of his presumption of innocence. The transcript of the plea proceedings is silent as to any such instructions. (See Transcript of Plea Proceedings attached as Appendix I of this opinion.) The defendant further alleges that the trial court committed error due to its failure to instruct the defendant as to the nature of the offense, and to establish a factual basis for the defendant's

plea. It would also appear that the trial judge did not inform the defendant of his right against self-incrimination, though the defendant has failed to raise this point in his brief.

As *People* v. *Williams, supra,* indicates, this Court will shortly adopt a strict compliance standard in the taking of guilty pleas. This case, however, is still governed by the substantial compliance standard enumerated in *People* v. *Stearns* (1968), 380 Mich 704.

Though the plea proceeding transcript is improperly silent as to the above points, it is possible that the proper instructions to the defendant took place at an earlier stage of the proceedings. Therefore, on remand, the trial court should determine whether the defendant was properly informed on the record at any time prior to the acceptance of his guilty plea. See *Williams, supra.* If the evidentiary hearing does not disclose that the defendant was substantially informed of each of his rights, then his motion to vacate his plea of guilty must be granted.

## V.

The defendant's final contention of error is that he was effectively denied counsel at the time of his sentencing. This allegation concerns the sentence he received and not his conviction.

We agree with the Court of Appeals' decision in *People* v. *Dye* (1967), 6 Mich App 217. In that case the trial court sentenced the defendant in the absence of counsel. In remanding for a new sentencing, then-Judge, now Justice T. G. KAVANAGH stated that the Sixth Amendment of the United States Constitution, applicable to the states through the Fourteenth Amendment, requires counsel to be present at the time one convicted of a crime is sentenced. This reasoning finds further support in *Gadsden* v.

*United States* (1955), 96 App DC 162 (223 F2d 627) and *Martin* v. *United States* (CA 5, 1950), 182 F2d 225. Sentencing is a critical stage in the criminal proceedings, and absent an intelligent waiver the defendant must be represented by counsel.

The people's brief argues that Mr. Pliskow, attorney for a codefendant, provided sufficient representation for the defendant. The defendant should have been represented by his own counsel. A situation in which a single attorney represents two or more defendants easily gives rise to a conflict of interest.

Two defendants in *Glasser* v. *United States* (1941), 315 US 60 (62 S Ct 457, 86 L Ed 680) were convicted of conspiracy to defraud the United States. One defendant, Glasser, had retained an attorney to represent him. Prior to the trial, the court appointed the same attorney to represent a second defendant. On appeal, Glasser's conviction was affirmed by the Seventh Circuit of the United States Court of Appeals.

The United States Supreme Court reversed Glasser's conviction on the ground that the trial court had denied his right to have the effective assistance of counsel as guaranteed by the Sixth Amendment. The Court held that when the possibility exists that conflicting interests may arise, two defendants should not be represented by the same attorney.

This case is of particular interest due to the fact that Glasser himself was an attorney and did not raise a specific objection to the trial court's final decision to appoint Glasser's attorney as counsel for his codefendant as well. In spite of these circumstances, the United States Supreme Court still reversed Glasser's conviction.

Before this Court the defendant makes a further assignment of error due to the fact that he was not provided with an opportunity to speak at the time he was sentenced. This issue was not raised in either the trial court or the Court of Appeals, and therefore will not be considered by this Court. *Lake Erie Land Co.* v. *Chilinski* (1917), 197 Mich 214.

If on remand the defendant's plea is found to have been legally accepted, then a resentencing must take place. If the plea of guilty is vacated, then issue as to the defendant's sentencing is moot.

Remanded for evidentiary hearing in accordance with the several instructions outlined in sections II, IV and V.

SWAINSON and T. G. KAVANAGH, JJ., concurred with WILLIAMS, J.

T. M. KAVANAGH, C. J., and ADAMS, J., concurred in the result.

## APPENDIX I

### TRANSCRIPT OF PLEA PROCEEDINGS

#### Examination of Roger Johnson

By the Court:

*Q.* Roger Johnson—

*A.* (Interposing) Here.

*Q.* (Continuing)—are you represented by Mr. Willis Ward?

*A.* Yes, sir.

*Q.* The attorney who addressed the Court on your behalf?

*A.* Yes, sir.

*Q.* Did you tell Mr. Ward what you know about the events of June 14th in regard to the shooting of Eugene Oliver?

*A.* Yes, sir.

*Q.* And did he—did he tell you what the law was and advise you and counsel with you in regard to the law of Murder in the First Degree and Murder in the Second Degree, in the included offenses?

*A.* Pardon me, would you say that again?

*Q.* Did he tell you what the law was in regard to the crime of Murder?

*A.* Yes, sir.

*Q.* Now do you know that the maximum possible penalty for Murder in the Second Degree is life or any number of years up to life in the State Prison?

*A.* Yes, sir.

*Q.* Do you further know that you are guaranteed the right to have a trial before a Jury on these charges or before the Court without a Jury?

*A.* Yes, sir.

*Q.* Do you know that before you can be found guilty of this offense that the People must prove you guilty beyond a reasonable doubt?

*A.* Yes, sir.

*Q.* Did Mr. Ward or did anybody promise you that the Court would be lenient with you or show you any special consideration—

*A.* (Interposing) No.

*Q.* (Continuing) —in order to persuade you to plead guilty against your will?

*A.* No.

*Q.* Did anybody threaten you in order to force you to plead guilty?

*A.* No.

*Q.* Are you pleading guilty to the offense of Murder in the Second Degree after you've thought it over carefully in your own mind and consulted and talked it over thoroughly with Mr. Ward your attorney?

*A.* Yeah.

*Q.* Are you pleading guilty to this offense of Murder in the Second Degree because you are guilty of that offense?

*A.* Yes, sir.

*Q.* All right, the Court will accept the plea of guilty of Murder in the Second Degree offered by both Defendants. Each Defendant will be referred to the Psychiatric Clinic and Probation Department for pre-sentence investigation and report. Sentence will be imposed—

T. E. Brennan, J. (*dissenting*). I am unable to agree with the disposition proposed by my Brother Williams.

This is a delayed appeal from denial of a delayed motion for new trial.

The parameters of this appeal are determined by the motion for new trial from which the appeal is taken.

That motion was filed on September 8, 1967, and it was accompanied by an affidavit. The motion and affidavit are as follows:

"DELAYED MOTION FOR SETTING
ASIDE OF PLEA OF GUILTY
AND FOR A NEW TRIAL

"Now Comes the above-named defendant by his attorney, Kenneth A. Webb, and moves that this Honorable Court set aside his plea of guilty to the offense of Murder in the Second Degree entered and accepted by the Court on November 26, 1962 and that he be granted a new trial for the following reasons and grounds:

"1. That the defendant was not questioned by the Court at the time he entered his plea of guilty as to whether he was pleading guilty of his own free will.

"2. That the defendant was not questioned by the Court at the time he entered his plea of guilty as to whether he was pleading guilty voluntarily.

"3. That the defendant was promised by his attorney, an assistant prosecuting attorney and a police officer that his sentence would be for a term not ex-

ceeding ten years in prison if he plead guilty to murder in the second degree.

"4. That the defendant was threatened, beaten and forced to plead guilty to murder in the second degree by police officers.

"5. The allegations of paragraphs 3 and 4 hereof are supported by the attached affidavit of the defendant.

"Wherefore, defendant prays that this Honorable Court enter an order setting aside defendant's plea of guilty and granting defendant a new trial.

> "Kenneth A. Webb
> "Attorney for Defendant
>     "872 Penobscot Building
>     "Detroit, Michigan 48226
>     "Telephone: 961–0990

"September 8, 1967

### *"Affidavit*

"When I was arrested a day after the incidence the Police official named 'CHUBB' and his partner (name unknown) beat me and administered the 1st degree of corporal punishment on me from about 12 o'clock in the day to about 9 o'clock in the night until I passed out.

"Later on after I regained consciousness they the police told me that if I did not cop out or enter a plea of guilty when I go to Court that they 'would call me from over from the Wayne County Jail to 1300 Beaubien Detroit Police Headquarters and beat the hell out of me again'.   *   *   *

"During the events of the time from June 14th, to Nov. 26, officer Chubb or some, other interrogation officer called me from over from the Wayne County Jail to 1300 Beaubien police headquarters to warn me what would happen if I did not cop out.

"Some time after arraignment, I was appointed an Attorney (name unknown). He came to visit me at the Wayne County Jail, first thing he told me was that he could not beat the charge and that the only and best thing to do was to enter a plea of second

degree, I refused to enter a plea. He left, but everytime I saw him, he would bring it up again until I ask him to please get off the case. Which he did and Willis Ward was appointed. He came to see me at Wayne County Jail. He said almost the same thing as the other Attorney, two day after he left my Mother came and said to me that she had talked to Mr. Ward and the Judge or Prosecutor, and that they said if I cop out to second degree that would get no more than a ten year Max * * *

"I told her that I would not cop out because I was not guilty of murder. She got mad and said that I was a God Damm Fool and left.

"At the final examination or final arraignment, Mr. Ward, the Prosecutor and one of the officers who has interrogated and beaten me told me that they has talked to the judge and that it was all arranged for me to enter a second degree plea. That I would receive no more than a Ten Year Max.

"I said that I didn't want to cop out. The lawyer and the prosecutor left but the police officer stayed and when we was alone he told me that I 'Better cop out if I knew what was good for me' 'Because if you don't I will beat the hell out of you.'

"I knew that he was not joking because he had already prove that, so I told Mr. Ward when he came back that I had changed my mind and that I wanted to cop out. He instructed me that I must say that I wasn't threatened or promise that they would be lenient on me., ect. * * *

"Because the Judge would not except the Plea if I did not answer the question right.

"Respectfully submitted,<br>"/s/ Roger Johnson

"July 19, 1967

"Sworn and subscribed to before me this day AD 1967.

"/s/ Paul J. LaDow
"Notary Public, Jackson County, Mich.
"My Commission Expires April 5, 1969"

That motion was denied on January 30, 1968, by Honorable Geraldine Bledsoe Ford, Judge of Recorder's Court. The appendix on appeal does not contain a transcript of the record made before Judge Ford on the hearing of that motion.

A motion for new trial addresses itself to the discretion of the trial judge. Abuse of discretion is not to be presumed by an appellate court.

Appellant's motion for new trial attacks the integrity of the proceedings before Recorder's Judge Arthur Koscinski had on November 26, 1962, at which the appellant's plea of guilty was accepted.

In such a case, where the allegations in the motion for new trial, supported by affidavit, are such that, if true, would vitiate the voluntariness of the plea, the trial court, to whom the motion is addressed ought to conduct an evidentiary hearing to determine the truth of the allegations made.

Such an evidentiary hearing is not a new invention, nor an innovation in the area of post conviction remedies. It has always been within the discretion of trial judges to take testimony upon the hearing of a motion for new trial.

On this record, we have no way of knowing whether Judge Ford conducted an evidentiary hearing on January 30, 1968, or not.

Normally, it is the burden of the appellant to present to this Court all pertinent portions of the record below. If this were not an appeal in *pro per,* I would favor affirmance on that ground alone; but since the appellant is unschooled in such things, and since we have already come this far, I would vote to remand for the sole purpose of supplementing the appendix filed here with the addition of a verbatim transcript of the proceedings had before Judge Ford.

. If no testimony was taken before her controverting the allegations of coercion and promise of leniency, then I would favor remand for that purpose.

Such a remand would amount to nothing more than a rehearing of the motion for new trial.

BLACK, J., concurred with T. E. BRENNAN, J.